THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT WITVOET, Defendant-Appellant.

(No. 73-77;

Third District—October 4, 1974.

Albert Witvoet, *pro se.*

Bruce Falk, Assistant State's Attorney, of Joliet, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant-appellant, Albert Witvoet, was found guilty by a jury of driving a motor vehicle while his privilege to do so had been suspended and also for driving in violation of a traffic control device. The circuit court of Will County sentenced defendant on the first charge to 1 year

conditional discharge with 15 weekends to be served in the county jail and on the second offense fined him $10. The defendant pro se has appealed the judgment and sentence assessed on the charge of driving while his license was suspended.

On February 20, 1972, the appellant, Albert Witvoet, was stopped by a State trooper for disobeying a traffic control device. The officer then asked for his driver's license and Witvoet displayed a license that had been issued August 28, 1957. The officer ran a license check which came back as an unsatisfied judgment suspension dated July 17, 1964. Witvoet was issued two citations, one for disobeying a traffic control device and one for driving while his license was suspended. On February 28, 1973, Witvoet was found guilty after a jury trial of both offenses and on March 14, 1973, he was sentenced as indicated above.

On this appeal defendant argues the trial court erred in refusing to admit some of his exhibits and also urges the court erred in denying his motion for a continuance. It is our conclusion the trial court did not commit any error in either respect.

When a person is charged with driving while his license has been suspended in violation of section 6—303(a) of the Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 6—303(a)) it is only necessary to prove that his license to do so had been suspended and that he was driving a motor vehicle. *People v. Dillingham,* 111 Ill.App.2d 161, 249 N.E.2d 294.

In reviewing the reasons urged by the defendant in support of his claim of trial court errors it appears to us the defendant has admitted his license had been suspended and that he was driving a motor vehicle at the time of his citation. What defendant does claim is that his license should not have been suspended by the Secretary of State, that the suspension order was erroneous and that because of such erroneous suspension he should not have been found guilty of the offense charged.

■■ It appears that at the time defendant moved for a continuance it was for the purpose of having some persons from Springfield testify in his behalf. Although the question is not clear, it appears that defendant hoped such witnesses might offer some testimony relative to the alleged error in the suspension of his license. The exhibits which the trial court declined to admit also relate to defendant's claim his license was suspended in error. Since none of the exhibits or arguments of the defendant regarding potential witnesses in any way suggests the suspension order was void or that the Secretary of State exceeded his jurisdiction in suspending the license, we do not agree with defendant that the trial court erred or could have erred regarding such exhibits or witnesses.

From defendant's own argument it appears he was aware that his license had been suspended because in fact he had been convicted on

two previous occasions for the same offense. Apparently defendant had not taken proper action regarding the suspension order until after his arrest in the instant case. As a consequence of this violation proceeding defendant did seek relief from the Secretary of State and on July 6, 1973, several months after his conviction in the instant case, the order suspending his license was vacated by the Secretary of State.

While we agree with the prosecution that the subsequent action by the Secretary of State can not and does not have any effect on the defendant's conviction, it is our belief that the sanction imposed by the trial court should be reconsidered in light of the order of the Secretary of State vacating the suspension of defendant's license.

■■ For the foregoing reasons, the judgment of conviction of defendant by the circuit court of Will County is affirmed but the sentence entered pursuant to such conviction is vacated and the cause is remanded to such court for reconsideration of the sentence to be imposed.

Judgment affirmed in part, reversed in part and remanded with directions.

ALLOY and DIXON, JJ., concur.