THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD VAN CURA, Defendant-Appellant.

Second District   No. 76-238

Opinion filed June 8, 1977.

Canfield Law Offices, of Rockford, for appellant.

Peter Woods, State's Attorney, of Rockford (Phyllis Perko, Martin Moltz, James E. Hinterlong, and Robert M. Hansen, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The defendant, Richard Van Cura, was convicted of the offense of unlawful use of driver's license (Ill. Rev. Stat. 1973, ch. 95½, par. 6—301) by a jury in Ogle County, Illinois. He appeals, asserting that the complaint failed to allege a knowing or intentional act, or any mental state, which, defendant contends, is required for the violation.

The facts are that defendant, Van Cura, was notified by the Illinois Secretary of State that a previous revocation of Van Cura's driver's license was terminated and that he was eligible to reapply for a driver's license. Defendant contends he went to Springfield and applied, but was told by letter that he must file proof of financial responsibility, which he did. It then developed that there were outstanding bond forfeitures which precluded a full-purpose driver's license being issued, but which would not preclude a restricted driver's license. Defendant contends that he received a restricted driver's license in the mail some months later and that this is the document which gives rise to the instant case.

The State called as a witness the supervisor of the Restricted Driver's License Section of the Illinois Secretary of State's Office, who testified that the restricted license was not issued by that office and that the "license"

had several material differences which made it conclusive to him that it could not have been so issued. Among other differences, the nonrepeating sequential serial number was that of another restricted driver's license issued to an entirely different person, and a copy of that other restricted driver's license was admitted into evidence.

The restricted driver's license purportedly issued to Van Cura contained restrictions as hours, area and purposes of driving and bore a printed signature of the Secretary of State, but the supervisor-witness testified that it was not typed in the Secretary of State's Office.

The jury found the defendant guilty, and the court sentenced him to 364 days in the county jail.

■■■ Defendant's position that intent or knowledge is an essential element in a charge of unlawful use of driver's license is not well taken. While no cases have interpreted this precise statute (Ill. Rev. Stat. 1973, ch. 95½, par. 6—301), it is well settled that one may be guilty of an offense without having knowledge or intent if the statute defining that offense clearly indicates a legislative purpose to impose absolute liability for the conduct described. (*People v. Foster* (1961), 32 Ill. App. 2d 462, 178 N.E.2d 402.) In cases of driving a motor vehicle while operator's license is revoked (Ill. Rev. Stat. 1973, ch. 95½, par. 6—303) there is absolute liability. As such, mental state as defined in the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, pars. 4—3 through 4—7) is not part of the offense. In *People v. Espenscheid* (1969), 109 Ill. App. 2d 107, 111, 249 N.E.2d 866, 868, the court stated:

> "The only intention necessary to render a person liable to a penalty for a violation of the automobile law is the doing of the act prohibited."

Similarly, in another case involving driving while operator's license is suspended, the court said:

> " * * * The defendant's intent, knowledge, moral turpitude, or motive is immaterial on the question of guilt. The only intention necessary to render a person liable to a penalty for violation of the automobile law is the doing of the act prohibited." *People v. Strode* (1973), 13 Ill. App. 3d 697, 698, 300 N.E.2d 323, 325. See also *People v. Witvoet* (1974), 22 Ill. App. 3d 375, 317 N.E.2d 292.

■■ There is no merit to defendant's interposed defense of lack of mental state. Accordingly, his raised objections to two instructions on that subject are without merit, and we, thus, do not reach the procedural question of whether that instructions issue was properly preserved for review.

■■ Defendant has argued that there was an incumbency on the State to prove exactly how defendant came into possession of the fictitious driver's license. This position is erroneous, of course, and since the

elements of the offense were proved beyond a reasonable doubt, does not warrant discussion.

The judgment of the circuit court of Ogle County is affirmed.

Judgment affirmed.

SEIDENFELD and NASH, JJ., concur.