THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
PAUL A. TESCHNER, Defendant-Appellee.

Second District   No. 78-324

Opinion filed September 10, 1979.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Paul A. Teschner, of Teschner P. C., of Chicago, for appellee, *pro se.*

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The question presented in this appeal is whether a defendant's mental state is an element of the offense of driving under the influence of intoxicating liquor.

The facts of this case are simple and straightforward. Defendant, Paul A. Teschner, was charged by a uniform Illinois citation and complaint with the offense of driving under the influence of intoxicating liquor in violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501). Defendant moved to dismiss the complaint, alleging that it

failed to charge defendant acted with a requisite mental state. The trial court dismissed the complaint with prejudice on the basis that it failed to allege that the defendant acted "voluntarily" with respect to the offense charged. The People appeal from this dismissal.

Section 11—501(a) of the Illinois Vehicle Code provides "No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State." (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(a).) No mental-state requirement is set forth in the statute. Violation of this provision is a Class A misdemeanor carrying a possible prison sentence of up to one year.

While the court below worded its finding in terms of whether or not the defendant acted "voluntarily," on appeal the parties have framed the issue in terms of the mental state requirements of the Illinois Criminal Code. At common law, a crime required two elements: a criminal act *("actus rea")*, and an evil intention *("mens rea")*. (21 Am. Jur. 2d, *Criminal Law* §81 (1965).) In the Criminal Code of 1961, the *mens rea* requirement was restated in terms of "mental states," and section 4—3 of the Code provides that "[a] person is not guilty of an offense, other than an offense which involves absolute liability, unless, with respect to each element described by the statute defining the offense, he acts while having one of the mental states described in Sections 4—4 through 4—7 [*i.e.*, intent, knowledge, recklessness, or negligence]." (Ill. Rev. Stat. 1977, ch. 38, par. 4—3.) Section 4—9 of the Code concerns absolute liability offenses:

> "A person may be guilty of an offense without having, as to each element thereof, one of the mental states described in Sections 4—4 through 4—7 if the offense is a misdemeanor which is not punishable by incarceration or by a fine exceeding $500, or the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described." (Ill. Rev. Stat. 1977, ch. 38, par. 4—9.)

Since violation of the statute in question carries with it the possibility of imprisonment, it can only be an absolute liability offense if there is a clear legislative purpose that it be so.

■■ While we have been unable to find an Illinois case concerning mental state and driving while intoxicated, the general rule is now well established that for motor vehicle offenses a defendant's intent, knowledge, or motive is immaterial to the question of guilt. The only intention necessary for liability for violating the automobile law is the doing of the act prohibited. *People v. Van Cura* (1977), 49 Ill. App. 3d 157, 364 N.E.2d 564; *People v. Walker* (1974), 18 Ill. App. 3d 351, 309 N.E.2d 716; *People v. Strode* (1973), 13 Ill. App. 3d 697, 300 N.E.2d 323; *People v. Espenscheid* (1969), 109 Ill. App. 2d 107, 249 N.E.2d 866.

■■■ The defendant seeks to distinguish the above cases on the basis

that all except *Walker*[1] involve the offense of driving with a revoked or improper license. The defendant contends that the regulation of traffic and highways is properly the function of the Secretary of State and the Secretary cannot adequately enforce his licensing responsibilities without the making of the violation of licensing statutes subject to absolute liability. This same logic, however, argues for a legislative intent that all automobile laws are to be enforced on the basis of absolute liability. In the case of *Morissette v. United States* (1952), 342 U.S. 246, 256, 96 L. Ed. 288, 296-97, 72 S. Ct. 240, 246, the Supreme Court reasoned that many violations of traffic and other "public welfare" offenses

> "* * * result in no direct or immediate injury to person or property but merely create the danger or probability of it which the law seeks to minimize. While such offenses do not threaten the security of the state in the manner of treason, they may be regarded as offenses against its authority, for their occurrence impairs the efficiency of controls deemed essential to the social order as presently constituted. In this respect, whatever the intent of the violator, the injury is the same, and the consequences are injurious or not according to fortuity. Hence, legislation applicable to such offenses, as a matter of policy, does not specify intent as a necessary element."

Thus the proper regulation of traffic and traffic accidents requires the imposition of absolute liability. This is especially so in the case of driving while intoxicated. To require a mental state would raise the possibility of an involuntary intoxication defense. While involuntary intoxication is a proper defense to most crimes (See Illinois Pattern Jury Instructions, Criminal, No. 24.03 (1968)), to allow such a defense to a charge of driving while intoxicated would result in the inadequate protection of the public from dangers of intoxicated drivers.

The fact that driving while intoxicated is a traffic offense and is therefore regulatory in nature serves to distinguish this case from other recent cases where absolute liability has been found to be inappropriate. In *People v. Malone* (1979), 71 Ill. App. 3d 231, 389 N.E.2d 908, for example, this court held that section 3 of the corrupt practices act (Ill. Rev. Stat. 1977, ch. 102, par. 3) is not an absolute liability offense. The statute in *Malone* refers to " 'fraudulent and corrupt practices' " and this was found to be an indication that only corrupt as opposed to innocent, unknowing self-dealing was proscribed. Here the statute in question is part of the Motor Vehicle Code which is regulatory, as opposed to penal, in nature.

---

[1]The defendant attempts to distinguish *Walker*, and to a lesser extent *Van Cura, Strode*, and *Espenscheid* on the basis that they concern "*mens rea*" and not "mental state." However, as the People argue, there is no difference in meaning between these two terms.

In *People v. Valley Steel Products Co.* (1978), 71 Ill. 2d 408, 375 N.E.2d 1297, our supreme court held that violations of the motor fuel tax law (Ill. Rev. Stat. 1975, ch. 120, par. 417 *et seq.*) could not be based on a theory of absolute liability. In essence, the defendants in *Valley Steel* were charged with tax evasion, an offense traditionally requiring knowledge or intent. The court in that case found that the legislature could not have intended the extreme penalties of up to 20 years' imprisonment and a fine of up to $10,000 on the basis of absolute liability. The potential penalty for driving while intoxicated, while severe, is not nearly as extreme as those involved in *Valley Steel.*

That the legislature clearly intended that driving while intoxicated be an absolute liability offense is demonstrated by section 11—501(b) of the Illinois Vehicle Code:

"No person who is an habitual user of or under the influence of any narcotic drug or who is under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle may drive or be in actual physical control of any vehicle within this State. The fact that a person charged with a violation of this subsection (b) is or has been entitled to use such drug under the law of this State does not constitute a defense against any charge of violation of this subsection (b)." (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(b).)

Thus, the legislature is so concerned with making driving while intoxicated an absolute liability offense that the defense that the drug in question was lawful has been specifically precluded in the interest of protecting the public from intoxicated drivers.

Once it is determined that driving while intoxicated is an absolute liability offense, it follows that the complaint was not defective for failing to set forth a mental state as no mental state is required. Thus the dismissal of the complaint on this basis was error.

Finally, defendant argues that to allow a conviction for driving while intoxicated without requiring a mental state would deprive him of constitutionally protected rights. We find no merit to defendant's constitutional challenge. Absolute liability offenses—including offenses carrying the possibility of imprisonment—have long been held to be valid exercises of police power. *People v. Walker* (1974), 18 Ill. App. 3d 351, 309 N.E.2d 716; *People v. Player* (1941), 377 Ill. 417, 36 N.E.2d 729.

Accordingly the judgment of the Circuit Court of Du Page County is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

NASH and WOODWARD, JJ., concur.