50

Hillsborough
No. 84-057
New London District Court
No. 84-278

### THE STATE OF NEW HAMPSHIRE

v.

### WILLIAM GODING

### THE STATE OF NEW HAMPSHIRE

v.

### KATHRYN MAUK

February 7, 1985

*Gregory H. Smith*, attorney general (*John A. Malmberg*, assistant attorney general, on the brief in *Goding*), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant Goding.

*James E. Duggan*, appellate defender, of Concord, for the defendant Mauk.

DOUGLAS, J.   These cases present the questions whether: 1) a culpable mental state must be alleged and proved in misdemeanor driving while intoxicated cases, and 2) if a culpable mental state must be alleged, whether a defendant who pleads guilty waives his right to challenge subsequently the failure of the State to allege a *mens rea*.

Both defendants were charged with driving while intoxicated, subsequent offense. This offense is a misdemeanor which carries an enhanced penalty based upon a prior conviction for drunk driving within the previous seven years. RSA 265:82-b, I(b) (Supp. 1983). Both defendants pleaded guilty to driving while intoxicated within seven years previous to the current charges. These prior offenses were themselves misdemeanors. Defendant Goding's prior conviction was a second offense. Defendant Mauk's prior conviction was a first offense which, when it was committed in 1979, constituted a misdemeanor, RSA 262-A:62 (1977), although it is presently only a violation, RSA 265:82-b, I(a) (Supp. 1983).

Defendant Goding challenged the use of his prior conviction to elevate the subsequent charge to a misdemeanor. The Trial Court (*Pappagianis*, J.) deferred ruling on the challenge, and the defendant was convicted of DWI, subsequent offense. Sentence was deferred pending disposition of a transfer of the question without ruling to this court.

In *Mauk*, the New London District Court (*Carney*, S.J.) approved the joint request of the defendant and the State for an interlocutory transfer to this court. At the request of both parties, without briefs or oral argument, we have agreed to consolidate this case with *Goding*.

The issues in both cases are similar. Neither of the complaints in the *prior* offenses of either defendant contained an allegation of a culpable mental state. Both defendants now challenge their guilty pleas in those cases by stating two arguments: 1) a culpable mental state must be alleged in drunk driving misdemeanor offenses, and 2) failure to allege a culpable mental state is a jurisdictional defect not waived by a guilty plea. We disagree with the first argument, and, therefore, need not reach the second.

The defendants contend that misdemeanor DWI offenses are subject to RSA 626:2, I, which states that: "A person is guilty of murder, a felony, or a misdemeanor only if he acts purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense."

We hold that the legislative history of the DWI statutes, their plain meaning and the case law thereunder necessitate that the *mens rea* requirement of RSA 626:2, I not be applied to misdemeanor DWI offenses.

RSA 265:82 (Supp. 1983), the drunk driving statute, states that:

> "I. No person shall drive or attempt to drive a vehicle upon any way: (a) While he is under the influence of intoxicating liquor or any controlled drug or any combination of intoxicating liquor and controlled drugs . . . ."

The conduct prohibited by this statute, as well as those upon which the defendants' prior DWI misdeameanor offenses were based, is driving a vehicle on a public way while under the influence of alcohol and/or drugs. In interpreting the DWI statutes, this court has stated that it is the commission of the prohibited conduct alone which constitutes the offense. *See, e.g., State v. Costello*, 110 N.H. 182, 183, 263 A.2d 671, 672 (1970). ("To support a conviction that the defendant violated [the DWI statute], the State must prove beyond a reasonable doubt that the defendant operated or attempted to operate a motor vehicle upon a public way in this State while under the

influence of intoxicating liquor.") Moreover, other jurisdictions have specifically held that the nature of the conduct prohibited by DWI statutes exempts them from the otherwise applicable *mens rea* requirement of the criminal code. *People v. Teschner*, 76 Ill. App. 3d 124, 394 N.E.2d 893 (1979); *State v. West*, 416 A.2d 5 (Me. 1980). *But see Com. v. Wallace*, 14 Mass. App. 358, 439 N.E.2d 848 (1982).

Under RSA 265:82-b (Supp. 1983), the conduct prohibited in a misdemeanor DWI offense is identical to the conduct prohibited in a DWI first offense. *See* RSA 265:82-a (Supp. 1983). The classification of the offense does not depend on the type of conduct, but rather on whether the offender has been convicted of drunk driving within the past seven years. RSA 265:82-b, I(b) (Supp. 1983). The purpose of elevating DWI, subsequent offense, to a misdemeanor, therefore, was not to add an element to the offense but to enhance the penalties for repeated offenders. (*Compare* RSA 651:2, I *with* RSA 651:2, III, which set forth, respectively, the possible penalties for conviction of a misdemeanor and a violation.) Imposition of a *mens rea* requirement, therefore, would be contrary to the clear purpose of the statute.

Our holding today is consistent with prior opinions where we have stated that the purpose of the DWI statutes is "to prevent the operation of cars by persons under the influence of intoxicating liquor." *State v. Slater*, 109 N.H. 279, 280, 249 A.2d 692, 693 (1969). It is also consistent with the declared policy of the legislature that:

> "intoxicated drivers are a severe threat to the health and safety of the citizens of New Hampshire and visitors from out-of-state who use our highways. According to a 1979 report by the New Hampshire department of safety, approximately 1/2 of the 184 persons who died on New Hampshire highways in 1979 were killed by intoxicated drivers. The general court declares that driving while intoxicated is a deplorable act which shows wanton disregard for the rights of others to safely use our highways."

Laws 1981, 543:5.

Our present holding further complies with our recent interpretation of the negligent homicide statute, RSA 630:3, as it applies to death resulting from drunk driving. In *State v. Wong*, 125 N.H. 610, 486 A.2d 262 (1984), we held that "a person who is proven to have driven an automobile while intoxicated is criminally negligent *per se* . . ." and that such a person "may not in turn defend the negligent homicide charge by demonstrating due care or the State's failure to prove an element of criminal negligence under RSA 626:2, III(d)." In this context, DWI is a lesser-included offense of negligent homi-

cide, *State v. Berry*, 124 N.H. 203, 206, 470 A.2d 881, 883 (1983), and thus cannot contain an additional element which is not required for conviction of the greater offense.

For all of the above reasons, we hold that the State need not allege and prove a culpable mental state in order to convict a defendant of a misdemeanor DWI offense.

*No. 84-057 remanded; No. 84-278 remanded.*

All concurred.