Portsmouth District Court
No. 93-577

THE STATE OF NEW HAMPSHIRE

v.

HAROLD N. CURRAN

December 22, 1995

*Jeffrey R. Howard*, attorney general (*Sharon J. Fray-Witzer*, attorney, on the brief and orally), for the State.

*Stephen T. Jeffco, P.A.*, of Portsmouth (*Stephen T. Jeffco* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

THAYER, J. The defendant, Harold N. Curran, appeals his conviction for driving after suspension, RSA 263:64 (1993) (amended 1994), after a jury trial in the Portsmouth District Court (*Lawrence*, J.). The question presented on appeal is whether RSA 263:64, IV, which provides a misdemeanor sentence for individuals who drive after their licenses have been suspended or revoked for certain specified offenses, contains a *mens rea* requirement. We reverse and remand.

■ On April 1, 1993, the defendant was arrested for driving after suspension. The provision under which the defendant was charged provides that an individual who drives after his or her

license has been suspended for driving under the influence of drugs or liquor in violation of RSA 265:82 (1993) "shall be guilty of a misdemeanor." RSA 263:64, IV. Under RSA 626:2, I (1986), a person is guilty of a misdemeanor only when that person "acts purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense." The defendant argues that while RSA 263:64, IV does not contain an explicit *mens rea* requirement, RSA 626:2, I, makes it clear that the defendant's knowledge of the suspension constitutes an element of the crime. We agree.

The State argues that our decision in *State v. Goding*, 126 N.H. 50, 489 A.2d 579 (1985), controls this case. We disagree. In *Goding*, we held that the enhancement of a sentence for driving while intoxicated (DWI) from a violation to a misdemeanor, based on a prior conviction for the same offense, did not add a *mens rea* element to the crime. "The purpose of elevating DWI, subsequent offense, to a misdemeanor . . . was not to add an element to the offense but to enhance the penalties for repeat[] offenders." *Id.* at 52, 489 A.2d at 580. Based upon the legislative history and the plain meaning of the DWI statutes, as well as the case law thereunder, we concluded that the *mens rea* requirement of RSA 626:2, I, did not apply to misdemeanor DWI offenses. *Id.* at 51, 489 A.2d at 580.

■ The statute at issue in this case differs from the one at issue in *Goding*. There is no indication in the language of RSA 263:64 that the legislature intended the misdemeanor of driving after suspension or revocation to be merely a penalty enhancement not subject to the *mens rea* requirement of RSA 626:2, I. The State asks us to infer this intention from the fact that the same conduct, *i.e.*, driving after suspension or revocation, may be either a misdemeanor or a violation depending on the reason for the suspension or revocation. Because the legislature's intent on this issue is not clear from the language of the statute, we consult the statute's legislative history. *See Petition of Walker*, 138 N.H. 471, 474, 641 A.2d 1021, 1024 (1994).

■ The legislative history of RSA 263:64 reveals that misdemeanor driving after suspension or revocation, unlike the misdemeanor DWI offense addressed in *Goding*, was not intended to be an enhancement of an underlying strict liability offense. Under the prior version of RSA 263:64, any violation of the statute constituted a misdemeanor. RSA 263:64 (Supp. 1988). The present version was introduced in the senate as a bill that "reduces to a violation the current misdemeanor offense of driving after revocation providing it is the first offense and unrelated to DWI or reckless driving."

N.H.S. JOUR. 438 (1989); *see also* N.H.S. JOUR. 787 (1989). Thus, driving after revocation or suspension *remained* a misdemeanor under certain circumstances, with the corresponding *mens rea* requirement of RSA 626:2, I, still in force.

The legislative history offers no indication that the legislature intended to eliminate the *mens rea* requirement for those violations of RSA 263:64 that would remain a misdemeanor. On the contrary, the only justification given for the revision was to preserve the indigent defense fund from the cost of providing attorneys to defendants who faced no apparent threat of a jail sentence. N.H.S. JOUR. 438, 787 (1989).

■ It is clear from the language and legislative history of RSA 263:64, combined with the *mens rea* requirement of RSA 626:2, I, that in order for a defendant to be convicted of misdemeanor driving after suspension or revocation, the State must prove: (1) that the defendant's license to drive had been suspended or revoked; (2) that the defendant drove a motor vehicle after such suspension; and (3) that the defendant did so with knowledge of the revocation or suspension of his license to drive.

Accordingly, the trial court erred in failing to instruct the jury that the State must prove a culpable mental state in order to convict the defendant of misdemeanor driving after suspension. While it is true that the defendant in this case admitted that he knew his license was suspended, he was nevertheless entitled to have the jury find each element of the offense beyond a reasonable doubt. *State v. Walsh*, 139 N.H. 435, 437, 655 A.2d 912, 913 (1995). The verdict is therefore reversed and the case remanded for a new trial.

*Reversed and remanded.*

BRODERICK, J., did not sit; the others concurred.