**Dorothea HOOPLE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–7165.**

Court of Appeals of Alaska.

July 16, 1999.

---

Verne E. Rupright, Wasilla, for Appellant.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## O P I N I O N

MANNHEIMER, Judge.

Under Alaska law, the offense of driving while intoxicated is normally a misdemeanor.[1] But AS 28.35.030(n) declares that this offense is a class C felony if, within the previous five years, the defendant has been convicted two or more times for either driving while intoxicated or refusing to submit to a breath test.[2]

Dorothea Hoople was convicted of felony DWI under this statute. On appeal, she argues that this statute violates the constitutional guarantee of due process[3] because it fails to require proof that the defendant acted with a culpable mental state regarding the defendant's prior convictions.

Hoople's argument runs counter to our decisions in *Bell v. State*[4], *Ortberg v. State*[5], and *Noblit v. State*[6]. All three of these cases dealt with situations in which an offense was divided into degrees: one statutory provision defined the basic crime, while another provision declared that a defendant was guilty of a higher degree of crime if they committed the basic crime under specified aggravating circumstances.

(In *Bell*, the class A misdemeanor of promoting prostitution in the third degree (inducing a person to engage in prostitution) was aggravated to a class B felony because the victim was under the age of 16.[7] In *Ortberg*, the class B misdemeanor of fourth-degree criminal mischief (intentionally damaging someone else's property) was aggravated to a class C felony because the property was worth $500 or more.[8] And in *Noblit*, the class B misdemeanor of hindering prosecution in the second degree (rendering assistance to a criminal) was aggravated to a class C felony because the defendant rendered assistance to a criminal who had committed a felony.[9])

In all three of these cases, we held that a defendant could be convicted of the higher degree of crime without proof that the defendant possessed any culpable mental state regarding the aggravating circumstance that distinguished the higher degree of crime

---

1. *See* AS 28.35.030(a)-(b).

2. See AS 28.35.030(*o*)(4), which defines "previously convicted" for purposes of establishing felony DWI.

3. *See* the United States Constitution, Fourteenth Amendment, and the Alaska Constitution, Article I, Section 7.

4. 668 P.2d 829 (Alaska App.1983).

5. 751 P.2d 1368 (Alaska App.1988).

6. 808 P.2d 280 (Alaska App.1991).

7. *See* AS 11.66.130(a)(2) and AS 11.66.110(a)(2).

8. *See* AS 11.46.486(a)(2) and AS 11.46.482(a)(1).

9. *See* AS 11.56.780(a) and AS 11.56.770(a).

from the basic crime. *Bell* and *Noblit* are arguably distinguishable from Hoople's case because, in both *Bell* and *Noblit*, the legislative commentary to the statutes in question expressly indicated that the legislature did not intend for the government to prove any culpable mental state regarding the aggravating circumstance. But in *Ortberg* (the case involving purposeful destruction of property), there was no such commentary. This court simply relied on the doctrine that, when the defendant's basic underlying conduct is criminal, no culpable mental state need be proved with respect to an aggravating circumstance that raises the degree of the crime.

 In fact, Hoople's argument is even less compelling than the argument in *Ortberg*. This is because Hoople's basic crime—driving while intoxicated—does not require proof of any culpable mental state regarding the circumstance that makes the driving illegal (the fact that the driver was intoxicated or that the driver's blood-alcohol content exceeded .10 percent). In *Morgan v. Anchorage*[10] and *Van Brunt v. State*[11], this court rejected arguments that the crime of driving while intoxicated would violate the due process clause unless it was interpreted to require proof of a culpable mental state regarding the driver's intoxication. As we stated in *Morgan*,

> It ... does not make sense to allow a [driver] to claim that his intentional consumption of alcohol impaired his ability to know that he was intoxicated.... [A] person who drinks and drives [must] be responsible for not drinking to the point where he is under the influence[.] He should drive at his [own] peril rather than only at the public's peril. We find no due process violation [in defining the offense so as not to require proof of any culpable mental state *vis à vis* the driver's intoxication].[12]

Thus, Hoople's underlying crime does not require proof that she acted with a culpable mental state concerning the circumstance that made her driving criminal in the first place (her intoxication or blood-alcohol content). This being true, it would make little sense to require proof that Hoople acted with a culpable mental state concerning the aggravating factor (her prior convictions) that raised her offense to a felony.[13]

 We also note that, although Hoople's argument may be intriguing from a theoretical standpoint, it has little practical effect. Under the due process clauses of the federal and state constitutions, a person can not be validly convicted of a crime unless they are personally present at their trial and sentencing (or unless they knowingly and voluntarily waive their right to be present).[14] Because of this, if a person has prior convictions for driving while intoxicated or refusing a breath test, it is all but impossible for that person to commit DWI without either recklessly or negligently disregarding those prior convictions. This fact bolsters our conclusion that Alaska's felony DWI statute passes constitutional muster even though the government need not prove that the intoxicated driver acted with a culpable mental state with regard to their prior convictions.

For these reasons, we hold that Alaska's felony DWI statute, AS 28.35.030(n), does not require proof that the defendant acted with any culpable mental state regarding their prior convictions. We further hold that AS 28.35.030(n) (construed in this fashion) does not violate the due process guarantees of the federal and state constitutions.

The judgement of the superior court is AFFIRMED.

10. 643 P.2d 691, 692 (Alaska App.1982).

11. 646 P.2d 872, 873 (Alaska App.1982).

12. 643 P.2d at 692.

13. *See State v. Goding*, 126 N.H. 50, 489 A.2d 579, 580 (N.H.1985) (holding that the enhancement of driving while intoxicated from a violation to a misdemeanor, based on a prior conviction for the same offense, did not add a *mens rea* element to the crime).

14. *See Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912).