NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Carroll
No. 2020-0163

THE STATE OF NEW HAMPSHIRE

v.

TERESA MERCON

Argued: February 11, 2021
Opinion Issued: May 21, 2021

Gordon J. MacDonald, attorney general (Elizabeth C. Woodcock, assistant attorney general, on the brief and orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.

DONOVAN, J. The State appeals the following rulings of the Superior Court (Ignatius, J.): (1) the State must prove, as an element of the offense of driving after suspension pursuant to RSA 263:64, IV, that the defendant's prior driving under the influence (DUI) conviction was the basis of her prior license suspension; (2) the certified case summary offered by the State is admissible, but not dispositive, evidence of the defendant's prior DUI conviction; and (3) denial of the State's motion to continue. See RSA 606:10 (2001). We affirm and remand.

## I. Facts

The following facts are supported by the record or are undisputed on appeal.  In December 2018, the defendant, Teresa Mercon, was arrested and subsequently charged pursuant to RSA 263:64, IV for driving while her license was suspended as a result of a 1997 DUI conviction.  In August 2019, she was convicted in the circuit court and sentenced to serve a mandatory seven-day jail sentence as required by RSA 263:64, IV.  The defendant then appealed to the superior court for a jury trial de novo.

In October 2019, the State filed a motion in limine to admit a certified copy of the case summary documenting the defendant's 1997 DUI conviction as "dispositive evidence" of the defendant's conviction and sentencing for that charge.  The State subsequently altered its position in a memorandum of law arguing that the 1997 DUI conviction constitutes a sentencing factor under RSA 263:64, IV, not an element of the offense that must be proven beyond a reasonable doubt.  The State argued, in the alternative, that the certified case summary should be dispositive of the prior conviction unless the defendant contested its validity.

On January 2, 2020, the trial court denied the State's motion in limine and ruled that the certified case summary was inadmissible.  The State filed a motion for reconsideration on the following day.  On January 10, the court held an in-chambers conference on the State's motion for reconsideration, without ruling on it.  During that conference, the State orally moved for a continuance because the arresting officer in the case was unavailable and would remain so until at least April.  The defendant objected and the court denied the State's motion.  On January 15, the State filed a motion requesting the court to reconsider its denial of the motion for a continuance and to rule on the outstanding motion for reconsideration of its denial of the State's motion in limine.

The court ruled on these outstanding motions at a final pretrial hearing on February 26, 2020.  First, the court denied the motion for reconsideration of its denial of the State's motion for a continuance.  Next, the court ruled that the State must prove, as an element of operating after suspension, RSA 263:64, IV, that: (1) the defendant was previously convicted of DUI; and (2) at the time of her arrest for operating after suspension, her license was suspended because of that conviction.  Finally, the court reconsidered its denial of the State's motion in limine and ruled that the certified case summary is admissible as non-dispositive evidence of the prior DUI conviction and revocation of the defendant's license on that basis.  This appeal followed.  See RSA 606:10.

## II. Discussion

### A.

We first consider the trial court's ruling that RSA 263:64, IV requires the State to prove, as an element of the offense charged, that the defendant's license was suspended at the time she was arrested due to a prior DUI conviction. We review the trial court's statutory interpretation de novo. State v. Kardonsky, 169 N.H. 150, 152 (2016). We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. State v. Mfataneza, 172 N.H. 166, 169 (2019). We first examine statutory language and, where possible, we ascribe the plain and ordinary meaning to the words used. Kardonsky, 169 N.H. at 152. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We do not read words or phrases in isolation, but in the context of the entire statutory scheme. Mfataneza, 172 N.H. at 169. Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. Id.

RSA 263:64 provides, in pertinent part:

I. No person shall drive a motor vehicle in this state while the person's driver's license or privilege to drive is suspended or revoked by action of the director or the justice of any court in this state, or competent authority in the out-of-state jurisdiction where the license was issued.

. . . .

IV. Any person who violates this section by driving or attempting to drive a motor vehicle . . . in this state during the period of suspension or revocation of his or her license or driving privilege for a violation of RSA 265:79 or an equivalent offense in another jurisdiction shall be guilty of a misdemeanor. Any person who violates this section by driving or attempting to drive a motor vehicle . . . in this state during the period of suspension or revocation of his or her license or driving privilege for a violation of RSA 265-A:2, I, RSA 265-A:3, RSA 630:3, II, RSA 265:82, or RSA 265:82-a or an equivalent offense in another jurisdiction shall be guilty of a misdemeanor and shall be sentenced to imprisonment for a period not less than 7 consecutive 24-hour periods to be served within 6 months of the conviction, shall be fined not more than $1,000, and shall have his or her license or privilege revoked for an additional year. . . .

3

. . . .

VII.  Except as provided in paragraphs IV, V-a, and VI, any person who violates the provisions of this section shall be guilty of a violation, and shall be fined a minimum of $250 for a first offense and $500 for a second or subsequent offense.

RSA 263:64 (2014).

We have previously held that, "in order for a defendant to be convicted of misdemeanor driving after suspension or revocation, the State must prove: (1) that the defendant's license to drive had been suspended or revoked; (2) that the defendant drove a motor vehicle after such suspension; and (3) that the defendant did so with knowledge of the revocation or suspension of his license to drive."  State v. Curran, 140 N.H. 530, 532 (1995).  In Curran, we addressed whether RSA 263:64, IV contains a mens rea requirement.  Id. at 530-32.  In that case, the defendant argued that the State must prove as an element of the offense that the defendant knew that his license was suspended because, according to RSA 626:2, I, conviction of a misdemeanor requires proof that the defendant had a culpable mental state with respect to each material element of the offense.  Id. at 531.  Relying on our holding in State v. Goding, 126 N.H. 50 (1985), in which we concluded that misdemeanor DUI offenses do not include a mens rea requirement, the State argued that RSA 263:64, IV is a penalty enhancement to which the mens rea requirement does not apply.  Curran, 140 N.H. at 531.  We agreed with the defendant.  Id.

In Curran, we observed that "[t]here is no indication in the language of RSA 263:64 that the legislature intended the misdemeanor of driving after suspension or revocation to be merely a penalty enhancement . . . ."  Id. Further, we explained that the "legislative history of RSA 263:64 reveals that misdemeanor driving after suspension or revocation, unlike the misdemeanor [DUI] offense addressed in Goding, was not intended to be an enhancement of an underlying strict liability offense."  Id.  Thus, we concluded that the mens rea requirement applies to each material element of the misdemeanor offense set forth in RSA 263:64, IV.  Id. at 532.  Accordingly, in light of Curran, we conclude that RSA 263:64, IV describes an offense containing elements that must be proven by the State beyond a reasonable doubt in order to convict a defendant under that provision.

Nevertheless, the State contends that RSA 263:64, IV is applied only for purposes of sentence enhancement.  Relying on State v. LeBaron, 148 N.H. 226, 232 (2002), the State asserts that prior convictions used solely for purposes of sentence enhancement are generally not considered elements of the offense.  The State's reliance on LeBaron is misplaced.

4

In LeBaron, the defendant appealed his felony conviction under RSA 262:23 for driving after being certified as a habitual offender. Id. at 227. The relevant provisions of RSA 262:23 then in effect, stated in part:

[I.] It shall be unlawful for any person to drive any motor vehicle on the ways of this state while an order of the director or the court prohibiting such driving remains in effect. If any person found to be an habitual offender under the provisions of this chapter is convicted of driving a motor vehicle on the ways of this state while an order of the director or the court prohibiting such operation is in effect, he shall be sentenced, notwithstanding the provisions of RSA title LXII, to imprisonment for not less than one year nor more than 5 years.

. . . .

[III.] Notwithstanding paragraph I, any person who qualifies under RSA 259:39, who does not have a conviction under RSA 265:82 or any misdemeanor or felony motor vehicle convictions pursuant to RSA title XXI, shall not be subject to the minimum mandatory provisions of paragraph I; provided, however, that any such person may be sentenced to one year or less.

Id. at 228-29 (quotations omitted).

In that case, the defendant argued that RSA 262:23 creates two classes of offense, one of which is a felony, the other a misdemeanor. His argument rested on the premise that a prior conviction described in RSA 262:23, III is an element of the separate felony-level offense. Id. at 227-28. The State argued that a prior conviction is merely a sentencing factor that need not be proven beyond a reasonable doubt. Id. at 228. In addressing the issue, we observed that paragraph I states the prohibited conduct and sets forth the sentence that might be imposed for conviction of such conduct. Id. at 229. We explained that "[p]aragraph III, on the other hand, recites no prohibited conduct, but rather begins with the language '[n]otwithstanding paragraph I,' indicating that it sets forth an exception to an otherwise applicable rule." Id. at 229. We concluded that "[p]aragraph III then describes a class of defendants who shall not be subject to the minimum mandatory sentence provisions of paragraph I, and provides an alternate, more lenient, sentencing scheme for such defendants." Id. at 230. Thus, we held that a prior conviction described in RSA 262:23, III was a sentencing factor rather than an element of a separate felony offense. Id.

Unlike the sentencing provision at issue in LeBaron, RSA 263:64, IV proscribes certain conduct and provides a sentence that may be imposed for performing the prohibited conduct. RSA 263:64, IV. This language does not

5

establish a sentence for conduct proscribed in paragraph I; rather, the penalty for that conduct is set out in paragraph VII.  See RSA 263:64, I, VII.  RSA 263:64, IV does not establish an alternative sentence for the conduct proscribed by paragraph I; instead, it creates a mandatory minimum sentence that applies exclusively to the conduct described in paragraph IV.[1]  Accordingly, LeBaron does not support the State's argument in this case.

Construing the provisions of RSA 263:64 in harmony, we conclude that paragraph IV "provides a misdemeanor sentence for individuals who drive after their licenses have been suspended or revoked for certain specified offenses."  Curran, 140 N.H. at 530 (emphasis added).  Pursuant to the statute's plain language, a defendant can only be convicted of a misdemeanor for operating after suspension pursuant to RSA 263:64, IV if, at the time the defendant drove upon a public way, his or her license was suspended for a violation of one of the sections specifically enumerated in that paragraph.[2]  RSA 263:64, IV.  Therefore, in a prosecution brought under RSA 263:64, IV, the State must prove beyond a reasonable doubt that the defendant's license was suspended because of a violation of one of the enumerated sections.

B.

Next, we turn to the trial court's ruling that the certified case summary offered by the State is admissible evidence of the defendant's prior DUI conviction and the consequential revocation of her license.  The State argued in the trial court that the certified case summary should be admitted as dispositive evidence of the defendant's prior conviction and license revocation.  Additionally, the State alleged in its notice of appeal and argued in its opening brief that the trial court erred to the extent that it decided that although the certified case summary was admissible to prove the defendant's prior

---

[1] We observe that the first sentence of paragraph IV proscribes certain conduct and classifies it as a misdemeanor, but does not impose the mandatory minimum penalty that is included in the second sentence, which iterates the proscribed conduct from the first sentence verbatim.  See RSA 263:64, IV.  The only difference between the first and second sentences is the offenses enumerated within them for which a defendant's license might have been suspended.  Nevertheless, both sentences are only operable when a defendant's license has been suspended for a specific reason and, therefore, a conviction pursuant to either sentence requires the State to prove that the defendant's license was suspended because the defendant violated the section enumerated in the relevant sentence.

[2] As a result, the State's concern that it might be required to prove, for example, that a defendant's license was suspended because the defendant was found mentally incompetent, see RSA 263:59 (2014), cannot come to pass.  If the reason that the defendant's license was suspended is not for a violation of the sections specifically enumerated in RSA 263:64, IV, or an equivalent offense in another jurisdiction, then the defendant cannot be prosecuted for operating after suspension under that provision.

6

conviction and resultant license revocation, it was not dispositive. However, the State disclaimed this argument in its reply brief and at oral argument and, therefore, we need not address it.[3]

Further, the State's contention that the trial court's ruling was error because it was too vague was not raised in the trial court and is not properly before us. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (stating that "[i]t is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial"). Accordingly, we have no basis to address the trial court's rulings pertaining to this evidence.

C.

Finally, the State conceded at oral argument that, if the issues we have addressed above were resolved on appeal, then the issue concerning the trial court's denial of the State's motion to continue "takes care of itself" and we need not address it. We agree with the State, and do not address that issue because it is moot. See In re A.D., 172 N.H. 438, 443 (2019).

In conclusion, to convict a defendant for misdemeanor operating after suspension pursuant to RSA 263:64, IV, the State is required to prove beyond a reasonable doubt as an element of the offense that the defendant's license was suspended because the defendant had violated one of the sections specifically enumerated therein. Additionally, because the State has disclaimed and otherwise failed to preserve its arguments challenging the trial court's evidentiary rulings as to the case summary offered by the State, we decline to address them. Accordingly, we affirm the ruling of the trial court and remand for further proceedings.

<u>Affirmed and remanded</u>.

HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

---

[3] More specifically, the State asserted at oral argument that asking whether the certified case summary should be admitted as dispositive evidence is "focusing on the wrong issue." Similarly, in its reply brief, the State frames the question as "whether the case summary, certified by the court of conviction as accurate, is admissible to prove that the defendant was convicted." Additionally, in its reply brief, the State represents that the vagueness of the trial court's ruling admitting the certified case summary as "some evidence" of the defendant's prior conviction and license revocation is what motivated the State to appeal the decision.