Belknap
No. 98-636

THE STATE OF NEW HAMPSHIRE

v.

JAY OUELLETTE

December 8, 2000

*Philip T. McLaughlin*, attorney general (*Brian M. Quirk*, assistant attorney general, on the brief and orally), for the State.

*Risa Evans*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

DALIANIS, J. The defendant, Jay Ouellette, was convicted of two misdemeanors and sentenced to extended prison terms under RSA 651:6, I(h) (1996) (amended 1996, 1997, 1998) following a jury trial in Superior Court (*McHugh*, J.). The defendant argues that: (1) his sentence should be vacated because he was not charged by grand jury indictments; and (2) consecutive sentences to the State Prison were grossly disproportionate to the offenses. We vacate the sentence and remand for resentencing.

The charges stem from an incident during which the defendant poked Barnstead Police Officer Seldon Nason, Jr., two or three times in the chest and threatened him. The defendant was charged by information with simple assault, *see* RSA 631:2-a (1996), and criminal threatening, *see* RSA 631:4 (1996), both misdemeanors. In the charging documents, the State indicated that it would seek enhanced penalties pursuant to RSA 651:6 because the defendant knew that Officer Nason was a law enforcement officer acting in the line of duty. At trial, the defendant stipulated to this fact but did not agree that a sentence enhancement should apply.

A jury found the defendant guilty of both offenses. The court sentenced him to consecutive terms of not more than two nor less than one year for the simple assault conviction and not more than five nor less than two years on the criminal threatening conviction, with leave to petition the court to suspend the minimum of the second sentence should he participate in a comprehensive mental health evaluation and treatment program.

The defendant first argues that the trial court erred in sentencing him to prison for more than one year for offenses that were charged by information and not by indictment. *See* N.H. CONST. pt. I, art. 15; RSA 601:1 (Supp. 1999). We agree.

■ An indictment is required for a misdemeanor charge that results in an extended imprisonment greater than one year when a sentencing enhancement factor is related to the offense itself. *See State v. Smith*, 144 N.H. 1, 5, 736 A.2d 1236, 1239-40 (1999).

■ In *Smith*, the defendant received an enhanced sentence of more than one year for crimes charged by information, based upon prior convictions, *see* RSA 651:6, I(c). *Smith*, 144 N.H. at 3, 736 A.2d at 1238. On appeal, he argued that he should have been charged by

indictment because application of the extended sentence converted his misdemeanors into felonies for charging purposes. *Id.* We agreed that "the punishment which determines the question of infamy [and, therefore, whether an indictment is required] is that which is related to the offense itself." *Id.* at 5, 736 A.2d at 1239-40. We affirmed the defendant's sentence, however, because:

> A potential sentence enhancement based on prior convictions, *see* RSA 651:6, I(c), is not punishment related to the offense itself. Nor is it punishment for the prior convictions themselves. Rather, the extended term is punishment for the defendant's recidivism. We, therefore, conclude that the portion of the extended terms that exceed the maximum generally applicable sentence did not transform the charged offenses into crimes which must be charged by indictment.

*Id.* at 5, 736 A.2d at 1240 (citation omitted). Here, the defendant's extended terms are based upon punishment related to the offenses themselves and not upon the defendant's recidivism. Thus, indictments were required.

Our holding is supported by the recent United States Supreme Court decision in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). In *Apprendi*, the Court held that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 2355. Here, the sentencing enhancement factor — that the defendant knew that the victim was a law enforcement officer acting in the line of duty — is an element of the charged offenses. Thus, the defendant was required to be charged by indictment.

▮ The State contends that the defendant waived his right to indictment by stipulating that he knew that the victim was a law enforcement officer acting in the line of duty. We disagree. While the defendant's stipulation satisfied *Apprendi's* requirements that a sentencing enhancement factor related to the offense itself be submitted to a jury and proven beyond a reasonable doubt, it did not satisfy *Apprendi's* indictment requirement.

The State's remaining arguments lack merit and warrant no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

In light of this holding, we need not address the defendant's second argument regarding proportionality of the sentence. Fur-

ther, we deem waived arguments the defendant raised in his notice of appeal but did not brief. *Brown v. Bonnin*, 132 N.H. 488, 491, 566 A.2d 1149, 1151 (1989).

*Sentence vacated; remanded for resentencing.*

BRODERICK, J., sat for oral argument but disqualified himself prior to the final vote; NADEAU, J., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.