Nashua District Court
No. 2003-249

THE STATE OF NEW HAMPSHIRE

v.

LEWIS CLARK

Argued: March 10, 2004
Opinion Issued: May 14, 2004

*Peter W. Heed*, attorney general (*Ann M. Rice*, associate attorney general, on the brief and orally), for the State.

*Dawnangela Minton*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

NADEAU, J. The defendant, Lewis Clark, pled guilty to one count of simple assault in Nashua District Court (*Leary*, J.). *See* RSA 631:2-a (1996). On appeal, he argues that the Trial Court (*Bamberger*, J.) erroneously denied his motion to discharge his bail after he received a deferred sentence. *See* RSA 597:1-a, IV (2001). We reverse and remand.

The facts are not in dispute. On November 19, 2002, the defendant pled guilty to one count of simple assault. *See* RSA 631:2-a. The court sentenced him to a six-month term of imprisonment, which it deferred for one year, to be suspended thereafter. As a condition of the sentence, the defendant was required to complete a batterer's intervention program.

After sentencing, the defendant filed a motion "requesting that his bail bond be discharged and that his bail be reduced to a Personal Recognizance bail." The court denied the motion without a hearing, stating that the defendant "is subject to a deferred sentence. Bail will not be released pending the deferred sentence hearing."

The defendant filed a motion to reconsider. At a hearing on the motion, he argued that because the case was neither pending appeal nor sentencing, the court had to release bail pursuant to RSA 597:1-a. He argued that bail "is only for pretrial or appeal periods. And once that period has ended, the bail order needs to stop because at that point . . . the

court has a means to control the defendant." The State declined to take a position. The court noted that under a deferred sentence, the defendant is "subject to a detention order, but that detention order has been held in abeyance for a period of one year, whereas a suspended sentence can't be imposed unless the [S]tate comes forward." The court further observed that the defendant's sentence is not final because "[i]t hasn't been imposed yet." The court denied the motion to reconsider.

On appeal, the defendant argues that the court lacks statutory authority to require him to post bail following the imposition of a deferred sentence. He contends that having received a deferred sentence, he is no longer awaiting imposition or execution of that sentence, because he actually began serving his sentence. He argues that the sentence, having been executed, is final, and, therefore, the court should have released his bail pursuant to RSA 597:1-a. The State argues that a sentence is imposed when pronounced by the court and executed when it is carried into effect. Thus, it contends that by imposing a deferred sentence, the court delayed execution for one year. Because the sentence is not executed, the State contends that the court properly denied the defendant's request to release his bail.

In matters of statutory interpretation, we are the final arbiter of legislative intent as expressed in the words of the statute considered as a whole. *In the Matter of Watterworth & Watterworth*, 149 N.H. 442, 445 (2003). We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used. *Id.* Furthermore, we interpret statutes in the context of the overall statutory scheme and not in isolation. *Id.* "Our goal is to apply statutes in light of the legislature's intent in enacting them and in light of the policy sought to be advanced by the entire statutory scheme." *Fichtner v. Pittsley*, 146 N.H. 512, 514 (2001) (quotation omitted). RSA 597:1-a, IV, provides:

> Any person who has been found guilty of a misdemeanor and who is awaiting imposition or execution of sentence, or who has been sentenced to a term of imprisonment and who has filed an appeal shall, before the conclusion of the appellate proceeding, be released upon compliance with the provisions of RSA 597:2.

We note at the outset that we have previously considered an imposed sentence to be one that has been pronounced. *See State v. Timmons*, 130 N.H. 831, 836 (1988). Because the State concedes that the trial court imposed the defendant's sentence, we will assume for purposes of this appeal that the term "imposition," as utilized in RSA 597:1-a, IV, signifies the pronouncement of a sentence. Accordingly, we must decide whether

the defendant was "awaiting execution" of his sentence for purposes of RSA 597:1-a, IV. We hold that he was not.

■ We have held that every deferred sentence imposes upon the defendant an implied condition of good behavior. *See State v. Graham*, 146 N.H. 142, 144 (2001). "Good behavior" merely requires that the defendant conform to the requirements of the law. *Id.* at 143. We reasoned: "[I]t would be illogical and unreasonable to conclude that a defendant who has been granted conditional liberty, needs to be given an expressed warning that if he commits a crime, he will lose the privilege of that liberty." *Id.* at 144 (quotation omitted). Therefore, the defendant's sentence in this case included an implied condition of good behavior. *See id.*

Next, we determine when the defendant's sentence was executed. Because the defendant must immediately comply with the implied condition, "[his] deferred sentence begins to run on the date the sentence is imposed." *Anderson v. State*, 512 P.2d 1387, 1389 (Okla. Crim. App. 1973). In other words, the defendant's sentence was executed upon pronouncement. *Cf. State v. Brewster*, 147 N.H. 645, 651 (2002) (presumption that a sentence runs unless affirmative action is taken to stay it). This interpretation also comports with the common meaning of the term "execution," which is defined as "the process for carrying into effect the judgment or decree of a court." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 794 (unabridged ed. 2002). By reaching this result, we do not mean to imply that the defendant here has completed his deferred sentence. To the contrary, he will only complete it upon fulfillment of all expressed and implied conditions.

Turning to the bail issue, "a primary function of bail is to safeguard the courts' role in adjudicating the guilt or innocence of defendants." *United States v. Salerno*, 481 U.S. 739, 753 (1987). Indeed, RSA 597:2 (2001), entitled, "Release of a Defendant Pending Trial," and RSA 597:1-a, entitled, "Release or Detention of a Defendant Pending Sentence or Appeal," reflect this policy consideration. Because RSA 597:1-a, IV applies only to one who is "awaiting imposition or execution of [a] sentence," and as we have determined that the defendant here is no longer "awaiting execution" of his sentence, the statute does not apply.

■ The State argues that pursuant to RSA 597:2, III, the court may properly require the defendant to post bail as a condition of his deferred sentence. We disagree. As noted above, RSA 597:2, is entitled, "Release of a Defendant *Pending Trial*." (Emphasis added.) Here, it is undisputed that there was no pending trial when the court refused to discharge the defendant's bail. Thus, RSA 597:2 does not apply either. Applying RSA

597:2 and RSA 597:1-a "in light of the policy sought to be advanced by the entire statutory scheme," *Fichtner*, 146 N.H. at 514 (quotation omitted), leads us to the conclusion that these statutes are designed to ensure the defendant's attendance at proceedings through trial and sentencing or appeal, respectively, not to guarantee the performance of his sentence. Accordingly, we conclude that the trial court erred by refusing to release his bail. Therefore, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK, DALIANIS, DUGGAN and GALWAY, JJ., concurred.