Rockingham
No. 2004-402

THE STATE OF NEW HAMPSHIRE

v.

ROLAND MACMILLAN

Argued: January 19, 2005
Opinion Issued: April 1, 2005

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief and orally), for the State.

*Defosses Law Firm*, of Portsmouth (*Sven D. Wiberg* on the brief and orally), for the defendant.

DUGGAN, J. The State appeals an order of the Superior Court (*T. Nadeau*, J.) denying the State's motion *in limine* to admit testimony pertaining to an Internet conversation between the defendant, Roland MacMillan, and Detective Frank Warchol of the Portsmouth Police Department. We reverse and remand.

The following facts are undisputed. On August 22, 2002, Detective Warchol posed as a fourteen-year-old girl in an Internet chat room using the screen name "Kimmiesue87." The defendant, using the screen name "Willpay4BJ," contacted "Kimmiesue87" through a private instant message. After being told that she was fourteen years old, the defendant solicited "Kimmiesue87" to perform a sexual act in exchange for fifty dollars. Detective Warchol preserved the online conversation using "Camtasia," a program which records online conversations in real time, and by cutting and pasting the on-screen dialogue into a word processing document that was saved on the hard drive of his computer.

"Kimmiesue87" agreed to meet the defendant that afternoon in the parking lot of a New Hampshire State Liquor Store in Portsmouth. At the prescribed time, a vehicle and driver matching the descriptions provided by the defendant pulled into the parking lot where Detective Warchol and other police officers had set up surveillance. The officers stopped the defendant's vehicle and the defendant subsequently admitted that he had been on the Internet earlier that day and "was the one who was talking to the girl."

In February 2003, the defendant was indicted on one count of certain prohibited uses of computer services. *See* RSA 649-B:4 (Supp. 2004). On November 17, 2003, the defendant filed a motion *in limine* seeking to "exclude from evidence any computer chat or other communication intercepted and/or recorded without the authorization required by [RSA chapter] 570-A." The State objected to the motion on the basis that the communication had not been intercepted or recorded as those terms are defined in the statute. The Superior Court (*Morrill*, J.) granted the defendant's motion and the State timely filed a motion to reconsider, which was denied. The State did not appeal that ruling.

At a bench conference on May 5, 2004, the State informed the trial court that it intended to file a motion *in limine* asking the court to admit Detective Warchol's testimony concerning his Internet conversation with the defendant. The State filed its motion on May 6, which the trial court subsequently denied. This appeal followed.

The State concedes that under the trial court's order on the defendant's motion to suppress, the Camtasia recording and the word processing

document are not admissible as evidence of the conversation between the detective and the defendant. The State has not appealed that issue. The State argues, however, that the trial court erred in excluding Detective Warchol's testimony about the contents of the conversation. The defendant argues, first, that the State's appeal is untimely because the detective's testimony was encompassed in the trial court's first order, which suppressed evidence of the online communication. Second, the defendant argues that even if the State's appeal is timely, the officer's testimony must be suppressed under RSA chapter 570-A (2001 & Supp. 2004). We agree with the State.

We first address whether the State's appeal is timely. The defendant argues that the trial court's order granting his motion *in limine* to "exclude from evidence any computer chat or other computer communication intercepted and/or recorded" also precluded Detective Warchol from testifying about the contents of the Internet conversation. In his prayers for relief, the defendant asked the trial court to "[e]xclude the computer communication and/or chat" or, in the alternative, "[h]old a Richards hearing and/or allow the defense to introduce evidence of the misdemeanors committed by the investigators." *See State v. Richards*, 129 N.H. 669 (1987). The defendant argues that these requests for relief were not limited to suppression of the recordings but also encompassed the contents of the communication, including the detective's testimony.

The trial court concluded that Detective Warchol illegally recorded the contents of his online conversation with the defendant. In granting the defendant's motion, the trial court found that the Camtasia software functions as an "on-screen recording," analogous to a tape recorder, allowing the detective to play back the online conversation in "real time." The trial court also noted that Detective Warchol had copied and pasted the contents of the conversation into another computer program. The court found that "[i]f Detective Warchol had not taken these acts, the words of the online communication would no longer exist after the program was exited or the computer was shut down." Accordingly, the trial court granted the defendant's motion *in limine*.

The defendant argues that because his motion sought to exclude the detective's testimony, the State's failure to appeal the trial court's granting of his motion renders the State's subsequent appeal untimely. The trial court's order, however, did not explicitly address whether the detective could testify about the contents of his online conversation with the defendant. Because of this ambiguity, the State reasonably could have concluded that the trial court had not considered this issue, and thus the

State was not precluded from later filing a motion to admit the detective's testimony.

 Even if the trial court's order had addressed the admissibility of the detective's testimony, the court could reconsider its previous ruling. "[T]he trial court's discretionary powers are continuous. They may be exercised, and prior exercise may be corrected, as sound discretion may require, at any time prior to final judgment." *State v. Haycock*, 139 N.H. 610, 611 (1995) (quotation omitted). Because the superior court retains jurisdiction over a matter until its final judgment, interlocutory rulings may be reconsidered at the discretion of the same or another judge of the superior court. *State v. Wilkinson*, 136 N.H. 170, 177 (1992). We thus conclude, on the facts presented, that the State's appeal is timely.

We next address whether the trial court erred in excluding the detective's testimony about the intercepted communications. Because the State did not appeal the trial court's ruling that the interception was illegal under RSA 570-A:1 (2001), the only issue before us is whether the detective's testimony about the contents of the communication must also be excluded. The State argues that exclusion of Detective Warchol's testimony is not required under RSA 570-A:6 (2001) because the detective's knowledge of the contents of the communication was obtained through his own observations, not through the illegal interception. The defendant counters that the plain language of RSA chapter 570-A precludes disclosure of the contents of the intercepted communication in this case.

In matters of statutory interpretation, we are the final arbiter of legislative intent as expressed in the words of the statute considered as a whole. *State v. Clark*, 151 N.H. 56, 57 (2004). We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used. *Id.* Furthermore, we interpret statutes in the context of the overall statutory scheme and not in isolation. *Id.* If the statute's language is clear and unambiguous, we do not look beyond the language of the statute to discern legislative intent. *State v. Whittey*, 149 N.H. 463, 467 (2003). "Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme." *Id.* (quotation omitted).

Under the State wiretapping statute, a law enforcement officer may record a conversation to which the officer is a party if the officer first obtains authorization from the attorney general's office to conduct the interception in the course of investigating certain criminal offenses

enumerated in the statute. RSA 570-A:2, II(d) (2001). Here, the detective failed to obtain the required authorization prior to his online conversation with the defendant. Assuming the trial court correctly found that the recording in this case constituted an "intercept" under RSA 570-A:1, the State concedes that disclosure of the unauthorized recording itself would be improper but argues that the detective should be able to testify about the contents of the conversation.

The exclusionary provision of the wiretapping statute states:

> Whenever any telecommunication or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court ... if the disclosure of that information would be in violation of [chapter 570-A].

RSA 570-A:6. Thus, under the plain language of the statute, the contents of an illegally intercepted communication must be excluded from trial if their disclosure would violate another section of RSA chapter 570-A.

The State points to RSA 570-A:2, I(c) (2001) as the relevant provision under which disclosure of the contents of an intercepted communication could be precluded:

> A person is guilty of a class B felony if, except as otherwise specifically provided in this chapter or without the consent of all parties to the communication, the person:
>
> . . . .
>
> (c) Wilfully discloses, or endeavors to disclose, to any other person the contents of any telecommunication or oral communication, knowing or having reason to know that the information was *obtained through the interception* of a telecommunication or oral communication in violation of this paragraph.

(Emphasis added.) The State argues that disclosure should be permitted in this case because the detective obtained his knowledge of the contents of the conversation first-hand, not through the interception. We agree.

The functions of a statutory exclusionary provision such as RSA 570-A:6 are "to discourage unconstitutional conduct and to insure integrity in the judicial process by disregarding evidence produced through an impermissible procedure." *State v. Smith*, 242 N.W.2d 184, 186 (Wis. 1976).

These purposes are served by excluding any evidence of the illegal recording and any evidence derived from the recording. *See id.* "If live testimony is not the product of an unauthorized interception but is independent of it, its suppression would go beyond the policy of deterring law enforcement officers from committing unauthorized interceptions." *Com. v. Jarabek*, 424 N.E.2d 491, 494 (Mass. 1981).

We have previously addressed the scope of the wiretapping statute's exclusionary provision in the context of a law enforcement officer's unauthorized recording of his conversation with a suspect. *See State v. Stiles*, 128 N.H. 81, 84 (1986). In *Stiles*, we held that the State police could arrest a suspect based on information given to them by an undercover FBI agent who had conversed with the suspect and recorded the conversations without complying with the authorization requirement under RSA 570-A:2, II(d). *Id.* The defendant moved to suppress cocaine seized at the time of his arrest and drugs and other items found in the search of his dwelling, arguing that the justification for the arrest and search was derived from information that the FBI agent learned in the course of his conversations with the defendant. *Id.* at 83. We held that there was no basis for suppressing the evidence as having been derived from an illegal interception because the recordings "were merely incidental to the direct conversations" and were not the sources of the agent's knowledge. *Id.* at 84. Furthermore, nothing in RSA chapter 570-A prohibited the FBI agent from disclosing the contents of the conversation to the State police. *Id.* at 83.

Under the plain meaning of RSA 570-A:2, I(c), Detective Warchol would not be disclosing information "obtained through the interception" because his knowledge about the contents of the conversation came from his personal observations as a participant. Assuming the detective is relying upon his personal memory of the conversation, his testimony would be the same regardless of whether the interception occurred. In contrast, if Detective Warchol obtained his knowledge about the contents of the intercepted communication by listening to a recording or reading a transcript, he would not be permitted to testify about the communication because his testimony would be derived from the illegal interception. *See Stiles*, 128 N.H. at 84.

Thus, we hold that when a law enforcement officer fails to obtain authorization for a one-party interception under RSA 570-A:2, II(d), exclusion of the officer's testimony is not required under RSA 570-A:6 if the testimony is based upon personal recollection of the conversation,

independent from the unauthorized recording. Our holding is in accord with other States that have held that the live testimony of a participant in a conversation that had been unlawfully recorded is admissible, even though the recordings of the conversation are subject to suppression under the State's wiretapping statute. *See, e.g., People v. Gervasi*, 434 N.E.2d 1112, 1117 (Ill. 1982); *Jarabek*, 424 N.E.2d at 494; *State v. Maloney*, 467 N.W.2d 215, 216 (Wis. Ct. App.), *review denied*, 471 N.W.2d 509 (Wis. 1991). *But see Rupley v. State*, 560 P.2d 146, 147 (Nev. 1977); *State v. Williams*, 617 P.2d 1012, 1019 (Wash. 1980) (en banc).

Finally, the defendant argues that the State is precluded from presenting the detective's testimony in court because it has not complied with the procedural requirements in RSA 570-A:9 (2001). Section VIII provides that "[t]he contents of any intercepted telecommunication or oral communication or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a state court" unless each party is provided a copy of the court order authorizing the interception and the accompanying application. RSA 570-A:9, VIII. The defendant argues that because the State did not obtain a court order authorizing the interception and thus cannot furnish a copy of the order, the detective's testimony must be excluded. We disagree.

We interpret this provision in light of the entire statutory scheme and not in isolation. *See Clark*, 151 N.H. at 57. RSA 570-A:9 sets forth the procedures for applying for a court order approving the interception of a telecommunication or oral communication. RSA 570-A:9, I. If a court order is obtained, then a copy of the order must be provided to all parties in accordance with RSA 570-A:9, VIII. As discussed above, we hold that the detective's testimony is admissible under the statute's exclusionary provision even though the State failed to obtain a court order approving the interception. Thus, the procedural requirements of RSA 570-A:9 do not apply here.

Accordingly, we reverse the trial court's order denying the State's motion *in limine* to admit Detective Warchol's testimony.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS and GALWAY, JJ., concurred.