Hillsborough-northern judicial district
No. 2005-921

### THE STATE OF NEW HAMPSHIRE

v.

### JONATHAN M. POLK

Argued: February 22, 2007
Opinion Issued: June 22, 2007

*Kelly A. Ayotte*, attorney general (*Ann M. Rice*, associate attorney general, on the brief and orally), for the State.

*Law Offices of Robert J. Moses*, of Amherst (*Robert J. Moses* on the brief and orally), for the defendant.

HICKS, J. The defendant, Jonathan M. Polk, appeals his conviction in Superior Court (*Barry*, J.) for aggravated driving while intoxicated

(aggravated DWI), RSA 265:82-a (2004) (amended 2004; repealed 2006). We affirm.

The defendant's brief alleges the following facts, which the State does not dispute. On November 21, 2004, Sergeant William Davies of the Manchester Police Department was on duty when he noticed a pickup truck veer suddenly and its driver's side door fly open. The driver of the pickup, the defendant, leaned out to close the door and then stopped at a traffic light. Davies pulled in behind the pickup and followed it as it quickly accelerated and turned right, cutting off another vehicle. Davies, who was in an unmarked cruiser, then activated his blue lights and siren to signal the defendant to pull over. The pickup accelerated for a brief distance and then stopped at a red light. When the light turned green, the pickup accelerated again before stopping at another red light. Davies then pulled in front of the pickup, exited his cruiser and ordered the defendant to exit the vehicle. The defendant told the officer he was not aware that Davies was trying to stop him.

The defendant was charged with aggravated DWI, RSA 265:82-a, a class A misdemeanor. RSA 265:82-b, I(b)(1) (2004) (amended 2004, 2005; repealed 2006); RSA 625:9, IV(a)(2) (1996). The complaint alleged that "the defendant did drive a motor vehicle on Elm St. a public way, while under the influence of an intoxicating liquor and did attempt to elude pursuit by a law enforcement officer by increasing speed." The defendant was found guilty of aggravated DWI by the Manchester District Court.

The defendant appealed to the superior court, where he was given a trial by jury. After the close of the State's case, the defendant moved to dismiss the complaint on the basis that it "contains no *scienter* requirement as it is drafted." The court denied the motion, ruling that scienter is not required for aggravated DWI. Following the denial of his motion, the defendant rested.

The defendant then requested that the jury be instructed that the State was required to prove that he acted purposely in attempting to elude pursuit by a law enforcement officer. The court denied this request and gave a jury instruction which contained no scienter element on the aggravated DWI charge. The jury found the defendant guilty. This appeal followed.

The defendant argues that "any complaint alleging a violation of RSA 265:82-a (I) (c) must, as a matter of law, contain an appropriate *scienter* requirement with respect to the material element of attempting to elude pursuit by a law enforcement officer by increasing speed." The State counters that a culpable mental state is not required because RSA 265:82-a merely "create[s] an enhanced penalty provision for the strict liability

offense of driving while intoxicated when one of the delineated aggravating factors was present."

In matters of statutory interpretation, we are the final arbiter of the legislative intent as expressed in the words of the statute considered as a whole. *State v. MacMillan*, 152 N.H. 67, 70 (2005). "We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used." *Id.* We construe each statute as a whole, and if the statute's language is clear and unambiguous, we do not look beyond it. *Id.* "Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme." *Id.* (quotation omitted).

We look at the violation-level DWI offense (DWI), RSA 265:82 (2004) (repealed 2006), as the starting point in our analysis. RSA 265:82 provides, in pertinent part: "No person shall drive or attempt to drive a vehicle upon any way: (a) While such person is under the influence of intoxicating liquor or any controlled drug or any combination of intoxicating liquor and controlled drugs; . . . ." DWI is a strict liability offense, where "the commission of the prohibited conduct alone . . . constitutes the offense." *State v. Goding*, 126 N.H. 50, 51 (1985); *see also State v. Cardin*, 129 N.H. 137, 138 (1987).

In 1983, the legislature adopted RSA 265:82-a, "Aggravated Driving While Intoxicated," and RSA 265:82-b (2004 & Supp. 2006) (repealed 2006), "Penalties for Intoxication or Under Influence of Drugs Offenses." *See* Laws 1983, 373:10. Read together, these statutes make aggravated DWI a misdemeanor offense. RSA 265:82-a; RSA 265:82-b, I(b)(1).

RSA 265:82-a provides, in pertinent part:

> A person shall be guilty of a violation of this section if the person drives or attempts to drive a vehicle upon any way:
>
> I. While under the influence of intoxicating liquor or any controlled drug or any combination of intoxicating liquor and controlled drug and, at the time alleged:
>
> . . .
>
> (c) Attempts to elude pursuit by a law enforcement officer by increasing speed, extinguishing headlamps while still in motion, or abandoning a vehicle while being pursued . . . .

Like its DWI counterpart (RSA 265:82), the plain language of RSA 265:82-a does not require a culpable mental state. The defendant, however, argues that since aggravated DWI is a misdemeanor offense, RSA 626:2, I (1996) requires that the defendant act with a culpable mental state in

attempting to elude pursuit by a law enforcement officer to be found guilty.

As a general rule, a person can be guilty of a misdemeanor only by acting with the requisite mental state that "the law may require, with respect to each material element of the offense." RSA 626:2, I; *see also State v. Goonan*, 89 N.H. 528, 529 (1938). Generally, "[w]hen the culpable state of mind has been omitted from a statute, the State must prove the existence of the mental state which is appropriate in light of the nature of the offense and the policy considerations for punishing the conduct in question." *State v. Stratton*, 132 N.H. 451, 457 (1989).

RSA 626:2, I, however, requires a culpable mental state only with respect to *material* elements of a crime. *State v. McCabe*, 145 N.H. 686, 692 (2001); *State v. Demmons*, 137 N.H. 716, 719 (1993). Although the State must prove, beyond a reasonable doubt, that the defendant "[a]ttempt[ed] to elude pursuit by a law enforcement officer" under RSA 265:82-a, I(c), this is not a *material* element of the crime of aggravated DWI requiring a culpable mental state. *See McCabe*, 145 N.H. at 691-92 (holding that use of deadly weapon does not require a culpable mental state although it enhances misdemeanor criminal threatening to a felony).

Moreover, we held in *Goding* that a DWI second offense, a misdemeanor, does not contain a *mens rea* requirement because "the legislative history of the DWI statutes, their plain meaning and the case law thereunder necessitate that the *mens rea* requirement of RSA 626:2, I[,] not be applied to misdemeanor DWI offenses." *Goding*, 126 N.H. at 51. We found that "[t]he purpose of elevating DWI, subsequent offense, to a misdemeanor ... was not to add an element to the offense but to enhance the penalties for repeated offenders." *Id.* at 52. We then upheld this principle in *Cardin*: "[Second offense DWI] requires proof of prior conviction not as an element of the present charge, but rather as a predicate condition for enhancement of the sentence upon conviction for the present offense." *Cardin*, 129 N.H. at 138.

We apply the same reasoning here. The underlying offense for DWI and aggravated DWI is the same: driving while under the influence of intoxicating liquor, a controlled drug, or any combination of these. RSA 265:82, RSA 265:82-a. Aggravated DWI merely adds aggravating factors which elevate the strict liability crime of DWI to a misdemeanor for purposes of enhancing the penalty. Proof of the prohibited act, *i.e.*, attempting to elude pursuit by a law enforcement officer, is necessary only for that purpose; it is not an additional material element that requires proof of a culpable mental state. *Cf. State v. Russell*, 622 P.2d 658, 662 (Kan. 1981) ("To violate K.S.A. 8-1568 [attempting to elude a police

officer,] one needs only to ignore the activated emergency equipment of the police vehicle.")

Further, as the State points out, imposing a culpable mental state requirement may, in many cases, defeat the purpose of the statute entirely:

> To prove the core offense of DWI, the State would have to prove that the defendant was impaired by alcohol. That proof would simultaneously provide the defendant a basis to claim that his level of intoxication prevented him from acting purposely with respect to the aggravating factor of eluding the police. *See* RSA 626:4 (1996) (evidence of intoxication may be taken into consideration in determining whether an element of the crime has been proven beyond a reasonable doubt).

We believe that the legislature did not intend such a result when it enacted RSA 265:82-a. *See Weare Land Use Assoc. v. Town of Weare*, 153 N.H. 510, 511-12 (2006) (legislature will not be presumed to enact legislation "nullifying, to an appreciable extent, the purpose of the statute").

The defendant argues that our decisions in *State v. Rollins-Ercolino*, 149 N.H. 336 (2003), and *State v. Curran*, 140 N.H. 530 (1995), require proof of a culpable mental state in this case. We disagree. In *Rollins-Ercolino*, we applied the principle that "a person cannot be convicted of a crime without proof that his or her unlawful act was accompanied by a culpable mental state," *Rollins-Ercolino*, 149 N.H. at 338, and read the vehicular assault statute, RSA 265:79-a (2004), to include the culpable mental state of criminal negligence, *Rollins-Ercolino*, 149 N.H. at 341. In *Curran*, we read RSA 263:64 (Supp. 2006) to require a culpable mental state when the crime of driving after suspension is charged as a misdemeanor. *Curran*, 140 N.H. at 532. However, unlike DWI, vehicular assault and driving after suspension are not strict liability crimes. Moreover, as we stated above, the aggravating factors in RSA 265:82-a are not material elements of the crime of aggravated DWI; therefore, a culpable mental state is not required.

The defendant also points to RSA 265:4, I(c) (2004) ("Disobeying an Officer") as a similar offense, which specifically requires that a person act "willfully" in "attempt[ing] to elude pursuit by a law enforcement officer." However, "willfully" is conspicuously absent from RSA 265:82-a, I(c), and we will not add words to the plain language of a statute which the legislature chose not to include. *Appeal of John Hancock Distributors*, 146 N.H. 124, 127 (2001); *see also State v. Roy*, 557 A.2d 884, 886, 890-91 (Vt. 1989) (finding that "attempting to elude a police officer" is a strict liability crime based in part upon the absence of the word "willfully" in the statute).

The defendant argues that imposing "strict liability ... for this type of conduct ... violates the holding in *State v. Ouellette*, 145 N.H. 489 (2000) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000)." In *Ouellette,* we adopted the Supreme Court's holding in *Apprendi*: "[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Ouellette*, 145 N.H. at 491 (quotation omitted). We fail to see how these decisions support the defendant's argument. The complaint against the defendant stated the aggravating factor: that the defendant "did attempt to elude pursuit by a law enforcement officer." The record reveals that this information was submitted to the jury and that the trial court instructed the jury that the State must prove this fact "beyond a reasonable doubt."

Given that we hold that aggravated DWI is a strict liability crime that does not require proof of a culpable mental state, we need not reach the defendant's other issues on appeal.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.