NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Rockingham
No. 2018-0433

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL MUNROE

Argued: June 3, 2020
Opinion Issued: August 4, 2020

Gordon J. MacDonald, attorney general (Sean R. Locke, assistant attorney general, on the brief and orally), for the State.


Kirsten Wilson Law, PLLC, of Portsmouth (Kirsten B. Wilson on the brief and orally), for the defendant.


HANTZ MARCONI, J. The defendant, Michael Munroe, appeals his conviction following a jury trial on one count of assault by a prisoner. See RSA 642:9, I (2016). He argues that the Superior Court (Wageling, J.) erred by: (1) striking his notice of self-defense; (2) overruling his hearsay objection to testimony from a medical professional as to the victim's identity; (3) denying him leave to represent himself; (4) failing to allow his trial attorneys to withdraw their representation pursuant to the New Hampshire Rules of Professional Conduct; and (5) trying him in absentia. We reverse and remand for a new trial.

I

The jury could have found the following facts. In 2017, the defendant was an inmate at the Rockingham County House of Corrections. On May 25, 2017, a fight broke out between the defendant and another inmate, W.V. Corrections Officer Graham, who was assigned to the unit where both men were housed, observed the defendant pulling W.V. down and repeatedly punching him. Graham intervened and was able to separate the two men. Two officers then handcuffed W.V. and "brought him to see medical" because of his injuries. W.V. was ultimately taken to the hospital where he was diagnosed with a complex facial fracture.

The jury found the defendant guilty. The defendant moved for judgment notwithstanding the verdict, to which the State objected. The court denied the defendant's motion and later sentenced the defendant. This appeal followed.

II

We first address the defendant's argument that the trial court erred in striking his pretrial notice of self-defense filed pursuant to New Hampshire Rule of Criminal Procedure 14(b)(2)(A) (Rule 14(b)(2)(A)). Although we ordinarily review a trial court's decision to strike a notice of a defense for an unsustainable exercise of discretion, see State v. Fichera, 153 N.H. 588, 594 (2006), we review the trial court's interpretation of court rules de novo, as with any other issue of law, see Lillie-Putz Trust v. Downeast Energy Corp., 160 N.H. 716, 721-22 (2010); State v. Champagne, 152 N.H. 423, 428 (2005). Thus, because, in this case, our analysis of whether the trial court erred by striking the defendant's notice turns on the proper interpretation of Rule 14(b)(2)(A), our review is de novo. See Petition of N.H. Sec'y of State, 171 N.H. 728, 734 (2019); Champagne, 152 N.H. at 428. When interpreting a procedural rule, as with a rule of evidence or a statute, we will first look to the plain meaning of the words used and will ascribe to them their plain and ordinary meaning where possible. See Lillie-Putz Trust, 160 N.H. at 722. We will not add words to the plain language of a rule. Cf. State v. Polk, 155 N.H. 585, 589 (2007) (construing a statute).

A

Rule 14(b)(2)(A) governs criminal defendants' general notice obligations in superior court. The rule states:

> If the defendant intends to rely upon any defense specified in the
> Criminal Code, the defendant shall within sixty calendar days if
> the case originated in superior court, or thirty calendar days if the
> case originated in circuit court-district division, after the entry of a
> plea of not guilty, or within such further time as the court may

order for good cause shown, file a notice of such intention setting forth the grounds [therefor] with the court and the prosecution. If the defendant fails to comply with this rule, the court may exclude any testimony relating to such defense or make such other order as the interest of justice requires.

N.H. R. Crim. P. 14(b)(2)(A). Thus, if the defendant "intends to rely upon any defense specified in the Criminal Code," he must "file a notice of such intention setting forth the grounds therefore." Id. If he does not do so, the court may make such "order as the interest of justice requires." Id.

The Criminal Code specifies two types of defenses: defenses and affirmative defenses. See RSA 626:7, I (2016). Defenses, also referred to as pure defenses, see, e.g., State v. Soucy, 139 N.H. 349, 352 (1995), are those defenses that the State has the burden of disproving beyond a reasonable doubt. See RSA 626:7, I(a). By contrast, affirmative defenses are those defenses that the defendant has the burden of establishing by a preponderance of the evidence. See RSA 626:7, I(b). Conceptually, a "pure defense is a denial of an element of the offense, while an affirmative defense is a defense overriding the element." Soucy, 139 N.H. at 352; see also RSA 625:11, III(c) (2016) (defining element of an offense, in part, as conduct or circumstances that negate a justification).

Both the Fourteenth Amendment to the United States Constitution as well as Part I, Article 15 of the New Hampshire Constitution entitle a criminal defendant to a jury determination as to whether there is proof beyond a reasonable doubt of all factual elements of the crime charged. State v. Williams, 133 N.H. 631, 633 (1990); see also In re Winship, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause [of the Fourteenth Amendment] protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."). Because pure defenses are "elements of the crime," State v. Marchand, 164 N.H. 26, 31 (2012), they "must be negated by the State by proof beyond a reasonable doubt and must be submitted to the jury for determination," Soucy, 139 N.H. at 352-53. The State need not disprove pure defenses in every case, however. See RSA 626:7, I(a). Instead, the State is required to disprove a pure defense when evidence relevant to the defense is admitted at trial. See id.

In this case, the defendant argues that the court erred by striking his notice of the defense of self-defense. Under New Hampshire's self-defense statute, a defendant is "justified in using non-deadly force upon another person in order to defend himself . . . from what he reasonably believes to be the imminent use of unlawful, non-deadly force by such other person." RSA 627:4, I (2016); see State v. Pennock, 168 N.H. 294, 307 (2015). Self-defense is a pure defense under New Hampshire law. See RSA 627:1 (2016) ("Conduct which is justifiable under this chapter constitutes a defense to any offense.").

3

Thus, "[w]hen evidence of self-defense is admitted, conduct negating the defense becomes an element of the charged offense." Pennock, 168 N.H. at 307 (quotation omitted); see also Soucy, 139 N.H. at 352-53.

Here, the defendant filed a "Notice of Self Defense and Notice of Competing Harms"[1] prior to trial, notifying the court and the prosecution that he "may rely on the defense of self-defense . . . pursuant to [RSA] 627:4." (Bolding, underlining, and capitalization omitted.) The defendant stated, "[a]s grounds for this notice," that he stood accused of felony-level assault by a prisoner. See RSA 642:9, I, IV (2016). He explained that the State "alleged that on May 25, 2017, Mr. Munroe recklessly caused serious bodily injury to [W.V.] by punching him" at a time when the defendant "was being held in official custody." According to the defendant's notice, "[a] disciplinary board hearing was held on May 28, 2017 for [W.V.]," and "[d]uring that hearing, [W.V.] pled guilty to the charge of fighting." The defendant also stated that "[b]oth Mr. Munroe and [W.V.] refused to give statements concerning the fight." Furthermore, the defendant represented that the video of the incident, which was provided by the State in discovery, "does not show the entirety of the alleged fight," thus it was "not clear" from the video "whether there was any physical contact between the two men prior to Mr. Munroe hitting [W.V.]" The defendant further explained that "there is no audio in the video," making it unclear "what is being said between the parties."

The State filed an objection to the defendant's notice, arguing that "[t]he defendant is not entitled to argue self-defense as a matter of law based upon the offer of proof as contained within the Defendant's notice." The State asserted that "the Defendant's notice does not set forth the grounds of his self-defense . . . defense because it does not allege[] how or why the Defendant had to defend himself from any imminent use of force against him." The defendant then filed a supplemental notice arguing that his original notice sufficiently set forth the grounds under Rule 14(b)(2)(A) and that whether there is evidence of self-defense was required to be determined at trial.

The trial court subsequently ruled that the defendant's notice failed to adequately set forth the grounds under Rule 14(b)(2)(A). The court stated that the grounds set forth in the defendant's notice were "insufficient to support" his self-defense claim because he "ha[d] not alleged any facts suggesting that W.V. . . . threatened him with the use of non-deadly force." The trial court differentiated notices of affirmative defenses from notices of pure defenses. The court reasoned that, although our decision in State v. Fichera established that notices of affirmative defenses are not required to identify evidentiary support for the defense noticed, the court could evaluate whether a defendant's notice

---

[1] Although the defendant's notice also raised the defense of competing harms, he does not develop an argument on appeal that the trial court erred by striking his notice of competing harms. Accordingly, we limit our analysis to whether the court erred by striking the notice of self-defense.

4

set forth sufficient evidentiary support for a pure defense under Rule 14(b)(2)(A) because "the State should have sufficient notice of the factual allegations supporting the defenses . . . which it must disprove at trial." The trial court ordered the defendant to further supplement his notice to identify facts that formed the basis for a claim of self-defense, and stated that failure to do so within 10 days would result in the defendant's notice being stricken. The defendant's notice was ultimately stricken.

B

Although we have yet to interpret Rule 14(b)(2)(A), we have interpreted the former Superior Court Rule governing criminal defendants' general notice obligations. See Fichera, 153 N.H. at 594-97; Champagne, 152 N.H. at 428-29. Former Superior Court Rule 101 provided:

> "If a defendant intends to claim any defense specified by the Criminal Code, a notice of such intention setting forth the grounds therefor shall be filed with the Court, with a copy of same going to the prosecution, in accordance with the time limitations in Rule 98 or within such further time as the Court may order for good cause shown. If the defendant fails to comply with this rule, the Court may exclude any testimony relating to such defense or make such other order as the interest of justice requires."

Fichera, 153 N.H. at 594-95 (quoting Super. Ct. R. 101 (repealed 2013)). Thus, Superior Court Rule 101 required the defendant to "set[] forth the grounds" in his or her notice of defense, just as Rule 14(b)(2)(A) currently does. Id. (quotation omitted); see N.H. R. Crim. P. 14(b)(2)(A).

We addressed the scope of this requirement in State v. Champagne, 152 N.H. at 427-29. There, the defendant was charged with attempted possession of five pounds or more of marijuana with the intent to sell. Champagne, 152 N.H. at 426. The defendant filed a notice of defense raising the defense of renunciation, as well as two suppression motions. Id. at 427; see also RSA 629:1, III (2016) (establishing renunciation as an affirmative defense to attempt crimes). The defendant's notice set forth the grounds for the renunciation defense, in pertinent part, as follows: "The defendant withdrew from any further negotiations before any negotiations were complete. He walked away and renounced any further participation." Champagne, 152 N.H. at 429 (emphasis omitted); see also Fichera, 153 N.H. at 595 (highlighting pertinent portion of notice of defense in Champagne).

We held that the defendant's notice was adequate under Superior Court Rule 101. Champagne, 152 N.H. at 429. We stated that the rule "expressly requires that a notice of affirmative defense 'set[ ] forth the grounds therefor,' which is precisely what the notice in this case did." Id. Notwithstanding the

5

sufficiency of the notice, the State argued on appeal that "[t]he facts adduced at the evidentiary hearing [on the defendant's suppression motions] did not support the defendant's claim [of renunciation]," which, according to the State, made the defense "unavailable to the defendant as a matter of law." Id. at 428. We disagreed with the State that the defendant's obligation to set forth the grounds for the defense noticed empowered "the trial court [to] test the validity of such grounds against any factual findings it makes in the course of pretrial proceedings"; "[t]he clear language of the rule is not susceptible of such an interpretation." Id. at 429.

We further defined the scope of the requirement that the defendant set forth the grounds in a notice of defense in State v. Fichera, 153 N.H. at 594-97. There, the defendant was charged with attempted murder, first degree assault, kidnapping, and criminal threatening. Fichera, 153 N.H. at 591. He filed a notice of defense before trial, raising the defense of insanity. Id.; see also RSA 628:2, I (2016) ("A person who is insane at the time he acts is not criminally responsible for his conduct."). His notice stated: "Now comes [the defendant] . . . and respectfully notifies this Court and the State of his intention to assert the defense of insanity, as set forth in RSA 628:2, at trial." Fichera, 153 N.H. at 591. On appeal, the State argued that the trial court properly struck the defendant's notice and the insanity defense because the defendant's notice offered no evidence to show that a mental disease or defect caused his actions. See id. at 593. We disagreed, finding that the defendant's notice sufficiently set forth the grounds for his insanity defense. See id. at 595-96. We reiterated that the defendant's obligation under Superior Court Rule 101 to set forth the grounds for a noticed defense did not allow the trial court to "test the validity" of that defense. Id. at 596. Furthermore, we explained that "[w]hile it is true that a defendant is only entitled to a jury instruction on insanity if his insanity defense is supported by some evidence, that standard does not apply when determining the adequacy of the notice given pursuant to Rule 101." Id. (quotation and citation omitted); see also, e.g., State v. Woodbury, 172 N.H. 358, 370-71 (2019) (discussing "some evidence" standard).

These precedents make clear that the defendant's burden to set forth the grounds of a defense under Rule 14(b)(2)(A) is not substantial. In Fichera, the defendant's notice adequately set forth the grounds for an insanity defense by simply stating his "intention to assert the defense of insanity . . . at trial." Fichera, 153 N.H. at 591, 595-96. In Champagne, we concluded that the defendant's notice adequately set forth the grounds for his renunciation defense by stating, in pertinent part, that he "withdrew from any further negotiations before any negotiations were complete [and] walked away and renounced any further participation." Champagne, 152 N.H. at 429 (emphasis omitted); see also Fichera, 153 N.H. at 595 (discussing Champagne). In both cases we highlighted that trial courts are not permitted to "test the factual validity of" the grounds set forth, Fichera, 153 N.H. at 596; accord Champagne, 152 N.H. at 429, and in Fichera we specifically rejected the State's argument

6

that the trial court was authorized to strike the defense because the defendant had not "proffered at least some evidence of insanity prior to trial," Fichera, 153 N.H. at 596.

In light of these precedents, we conclude that here the trial court erred by striking the defendant's notice of self-defense. The court assessed the grounds set forth in the defendant's notice of defense and concluded that they were "insufficient to support" a self-defense claim because the notice did not contain "any facts suggesting that W.V. . . . threatened him with the use of non-deadly force." However, Rule 14(b)(2)(A)'s requirement that the defendant "set[] forth the grounds" is not tantamount to a requirement that the defendant proffer evidence in support of the noticed defense. N.H. R. Crim. P. 14(b)(2)(A); see Fichera, 153 N.H. at 596. The rule does not allow trial courts to require that defendants identify evidentiary support for a noticed defense. See Fichera, 153 N.H. at 596; see also Champagne, 152 N.H. at 429. Because that is what the court did here, it erred.

The State argues that the defendant's notice was "woefully inadequate" in setting forth the grounds for a pure defense. According to the State, the defendant's notice was required to allege "facts that supported his theory of self-defense" because, otherwise, the "defendant can change what the State must disprove beyond a reasonable doubt without providing any notice to the State of what exactly it must disprove." The State appears to suggest that because a pure defense must be disproved by the State, whereas the defendant has the burden of establishing an affirmative defense, more is required to adequately set forth the grounds for a pure defense than is required to adequately set forth the grounds for an affirmative defense.

We are not persuaded. Rule 14(b)(2)(A) does not provide one set of procedures for providing notice of a pure defense and another for providing notice of an affirmative defense. See N.H. R. Crim. P. 14(b)(2)(A). Instead, it requires the defendant to "set[] forth the grounds" when raising "any defense specified in the Criminal Code." Id. (emphasis added). "The clear language of the rule is not susceptible of [the State's] interpretation," Champagne, 152 N.H. at 429; see N.H. R. Crim. P. 14(b)(2)(A), and we will not add words to the clear language of the rule, cf. Polk, 155 N.H. at 589.

Nor do we agree with the State that our interpretation is "absurd" because it forces the prosecution to "walk into trial blind" and "fight on every conceivable front." Because self-defense becomes an element of the crime charged when evidence of that defense is admitted at trial, Pennock, 168 N.H. at 307, and because the State must prove all elements of the crime beyond a reasonable doubt, see Williams, 133 N.H. at 633, self-defense must be disproved by the State by proof beyond a reasonable doubt, Soucy, 139 N.H. at 352-53; see also Pennock, 168 N.H. at 307. To the extent the clear language of Rule 14(b)(2)(A), as applied to pure defenses, inhibits the State's ability to rely

7

upon the defendant to assist it in meeting its burden to prove the elements of the crime, such a result is entirely rational.  See Marchand, 164 N.H. at 31-33.[2]

For the foregoing reasons, we conclude that the trial court erred by striking the defendant's notice of self-defense.  We therefore reverse his conviction for assault by a prisoner and remand for a new trial.  At trial, the defendant shall be entitled to a jury instruction on self-defense provided that such a defense is supported by some evidence.  See State v. Richard, 160 N.H. 780, 788 (2010); State v. McMinn, 141 N.H. 636, 640-41 (1997).  Although, in light of our decision reversing the defendant's conviction and remanding for a new trial we need not address the defendant's remaining arguments, because the hearsay issue is likely to arise again on remand, we address it below.  See State v. Ayer, 150 N.H. 14, 30 (2003).

III

The State called Dr. Elizabeth Andrada to testify at trial.  When the State attempted to elicit testimony from Andrada as to whether she recalled treating W.V. on May 25, 2017, the defendant objected on hearsay grounds.  The State responded that one is required to give one's name when seeking and obtaining medical treatment, thus the basis for Andrada's knowledge of W.V.'s identity was excepted from the rule against hearsay as a statement made for medical diagnosis or treatment.  The trial court overruled the defendant's objection.

The defendant argues on appeal that the court erred in allowing Andrada to testify as to W.V.'s identity.  He argues that the testimony was inadmissible hearsay, and further argues that the testimony violated several of his constitutional rights.  Because the defendant did not object to the testimony on constitutional grounds in the trial court, however, we address only his hearsay argument.  See State v. Blackmer, 149 N.H. 47, 48 (2003).

We accord the trial court considerable deference in determining the admissibility of evidence, and we will not disturb its decision absent an unsustainable exercise of discretion.  State v. Lynch, 169 N.H. 689, 701 (2017).  To demonstrate an unsustainable exercise of discretion, the defendant must show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case.  Id.

_____

[2] We note that New Hampshire Rule of Criminal Procedure 12(b) states that defendants in superior court "shall provide the State with copies of or access to all books, papers, documents, photographs, tangible objects, buildings or places which are intended for use by the defendant as evidence at the trial," N.H. R. Crim. P. 12(b)(2), and further states that such defendants "shall provide the State with a list of the names of the witnesses the defendant anticipates calling at the trial" as well as "all statements of witnesses the defendant anticipates calling at the trial," other than those of the defendant, N.H. R. Crim. P. 12(b)(4)(B).

Hearsay is generally defined as an out-of-court statement offered in court to prove the truth of the matter asserted.  Id.; see N.H. R. Ev. 801(c).  Hearsay is generally inadmissible, subject to certain well-delineated exceptions.  Lynch, 169 N.H. at 701; see N.H. R. Ev. 802.  One such exception, entitled "Statement Made for Medical Diagnosis or Treatment," applies to a statement that:

> (A) is made for – and is reasonably pertinent to – medical diagnosis or treatment;
>
> (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause; and
>
> (C) the court affirmatively finds w[as] made under circumstances indicating [its] trustworthiness.

N.H. R. Ev. 803(4).  The statement must satisfy all three parts of this test to be admissible under Rule 803(4).  See Lynch, 169 N.H. at 702.

We conclude that the testimony at issue — Andrada's statement that the person she treated was W.V. — does not satisfy all three parts of Rule 803(4).  Although a patient's statement of identity would likely be made for medical diagnosis or treatment, thus satisfying the first part of the Rule 803(4) test, such a statement does not "describe[] medical history; past or present symptoms or sensations; their inception; or their general cause"  under the second part of this test.  N.H. R. Ev. 803(4)(B); cf. State v. Lowe, 140 N.H. 271, 274-75 (1995) (victim's statement regarding assailant's identity "describe[d] medical history, or symptoms, pain, sensations, or their cause or source to an extent reasonably pertinent to diagnosis or treatment" because information regarding the source of the injuries allowed the doctor to render a diagnosis and rule out other possible causes of injuries (quotation omitted)).  Accordingly, because Andrada's statement regarding W.V.'s identity does not satisfy all three parts of Rule 803(4), the trial court unsustainably exercised its discretion in overruling the defendant's hearsay objection.[3]  See Lynch, 169 N.H. at 701-02.

Reversed and remanded.

HICKS, BASSETT, and DONOVAN, JJ., concurred.

---

[3] We note that, although Corrections Officer Graham testified as to W.V.'s identity, injuries, and transportation to the hospital, the State does not argue in the alternative that the trial court's error in admitting Andrada's testimony was harmless beyond a reasonable doubt.