# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0401, <u>State of New Hampshire v. Judith Tompson</u>, the court on May 19, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Judith Tompson, appeals an order of the Circuit Court (<u>Subers</u>, J.) finding that she violated a City of Berlin ordinance that prohibits property owners from depositing snow or ice on any city street or other public right of way.  We affirm.

The relevant language of the Berlin ordinance provides:

(a) . . . No person or commercial or private property owner or entity shall deposit or cause to be deposited any snow or ice on or against any fire hydrant, street, lane, bridge, alley, sidewalk, or other public rights of way except in a manner as provided for in paragraph (b) of this Section. . . . (b) A person may deposit or place snow from private property either along the street side of their property line or along the property line of property owners either across the street or to either side, so long as these property owners have given written permission to do so. All such snow must be placed in a smooth manner along the existing snow banks and will not interfere with the public ways by protruding into the roadway or creating traffic hazards or obstructions to any neighboring properties.

The case before the trial court included the following evidence.  On February 8, 2022, at approximately 4 p.m., Paul Grenier received a telephone call from his neighbor who reported that an individual was removing snow from her driveway, and instead of putting it on the snowbank was putting it into the street.  Grenier went outside and observed the defendant shoveling snow for 15-20 minutes.  The shoveled snow was actually out about halfway across the upward side of the street, "the entire right-hand lane was completely obstructed by snow that was being removed by [the defendant]."

The following exchange took place at trial when Grenier was asked by the defendant about his personal observations:

[Grenier]: . . . I didn't know if you were using a shovel. All I can tell — all I know is that you were moving snow into the street into the travel lane and completely obscured one of the traveling lanes.

[Defendant]: Did you see the Defendant move snow, sir?

[Grenier]: Yes, I did.

[Defendant]: You saw the Defendant move snow?

[Grenier]: Yep, and you were using a shovel and you were using a scoop.

Grenier contacted the police chief and asked him to send someone to advise the defendant that her actions were "not legal." Lieutenant White responded. When he arrived at the defendant's home, he saw "there was a large pile of snow roughly halfway up Strafford Street blocking at least half of the roadway about waist-height." He advised the defendant that he was responding to a complaint about the snow in the road and that she "would need to rectify that issue." She responded that she had moved that snow into the middle of the roadway and explained that she was "more or less putting the snow that the City had put there . . . back on the roadway." He advised her that if she did not rectify the situation that "she would be subject to a fine and that nightshift, which begins at 1800 hours, could issue her a citation." When she asked White when she needed "to clean and move[] out of the road," he "allowed her time," mentioning that afternoon or evening. Another officer checked the roadway the next morning and the snow remained in it. After learning that she had not cleared the snow, White issued her a citation on February 11.

Following a bench trial held on June 29, 2022, the trial court found that the defendant had violated the cited city ordinance and imposed a fine of fifty dollars. The defendant then filed this appeal.

The defendant identifies nine issues for which she seeks appellate review. Six of the issues are based on Lieutenant White's alleged failure "to notify Defendant she was being recorded via police body camera." The record before us indicates that, on May 31, 2022, the defendant filed a motion to strike the body camera and body camera photographs "as evidence in this case" based upon White's failure to advise her that she was being recorded at the time of their interaction on February 8, 2022. The defendant concedes that the photographs were filmed in her driveway. In response to her motion, White prepared a supplemental report on June 2, 2022, in which he stated that he

had forgotten to advise the defendant. See RSA 105-D:2, VIII (Supp. 2022). The City also filed an objection to the defendant's motion to strike, observing that the camera was worn on White's chest on the outside of his uniform and made a beeping sound every two minutes. The trial court denied the defendant's motion on June 8, 2022.

To the extent that the defendant's appellate arguments can be construed to challenge the admission of White's testimony given his delayed disclosure of the recording, we will assume both that this argument is preserved and that White's delayed formal notification that their interaction was recorded violated RSA chapter 570-A (2001 and Supp. 2022). We have previously addressed whether a violation of RSA 570-A:6 (2001) bars testimony by a law enforcement officer who recorded a conversation but actually obtained his knowledge of the conversation first-hand rather than through the interception. See State v. MacMillan, 152 N.H. 67, 70 (2005). We held in MacMillan that such a violation did not require exclusion of the officer's testimony because if the officer "is relying upon his personal memory . . ., his testimony would be the same regardless of whether the interception occurred." Id. at 72. Accordingly, we conclude that the trial court did not err in the case before us by allowing White to testify.

We turn then to whether the trial court erred in admitting physical evidence produced from the camera. The defendant concedes that the body camera video was not admitted into evidence. The City argues that even if the photographs from the camera should have been excluded, any error in admitting them was harmless. We need not determine whether the trial court erred in admitting two photographs produced from the body camera because, given the testimony before the court, the challenged evidence was cumulative, and accordingly, any error was harmless. See State v. Dana, 175 N.H. 27, 34 (2022).

The harmless error doctrine recognizes that the central purpose of a criminal trial is to determine the factual question of the defendant's guilt or innocence. Id. It promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error. Id. An error may be harmless beyond a reasonable doubt if the other evidence of the defendant's guilt is of an overwhelming nature, quantity or weight or if the improperly admitted evidence is merely cumulative or inconsequential in relation to the strength of the evidence of guilt. State v. Racette, 175 N.H. 132, 137 (2022).

To prevail on her challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the

prosecution, could have found guilt beyond a reasonable doubt.  <u>State v. Bell</u>, 175 N.H. 382, 385 (2022).  The evidence in this case included the testimony of Grenier, an eyewitness who saw the defendant shoveling snow into the roadway, and White who, when he arrived at the defendant's home, saw "a large pile of snow roughly halfway up Strafford Street blocking at least half of the roadway about waist-height."  Given the record before us, we conclude that the defendant has not met her burden to establish that the trial court erred in finding that she violated the cited ordinance.

All issues raised in the defendant's notice of appeal but not briefed are deemed waived.  <u>See</u> <u>State v. Hofland</u>, 151 N.H. 322, 327 (2004).  We have reviewed the defendant's remaining arguments and conclude that they lack merit and do not warrant further discussion.  <u>See</u> <u>Provenza v. Town of Canaan</u>, 175 N.H. 121, 131(2022).

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**